Wheeler, J.
It is objected to the judgment, 1st, that the court erred in its rulings upon the admissibility of evidence introduced by the plaintiffs; 2d, that tlie verdict ivas contrary to law and the evidence.
To the objection now urged to the land office copy of the title to Miller that it was not a translated copy, it is a sufficient answer that this objection was not made at the trial.
'1'ln' manner in which the instrument was attested is certainly obnoxious to just criticism. It was a mode of attestation adopted, doubtless, from a supposition that tlie Spanish clerk was especially responsible for tlie accuracy of copies of instruments in tlie Spanish language. It is not the most approved form, certainly, of attesting copies of such instruments, but it is believed to have been used for years without having been questioned; and wo think we may apply a liberal construction in favor of a practice of attesting copies as old, perhaps, as tlie office from which they emanate, and hold it a substantial compliance with the statute. The copy introduced was a copy of a record in tlie land office, and as such was rendered admissible by the attestation of the commissioner. (Hart. Dig., art. 744.)
*52 The copy oí the act oí sale from Miller to Bartlett, passed before the alcalde, Chrisman, and certified by the clerk oí the Comity Court of Austin county, was admissible in evidence under the 91st section of the act of 1S4G. (Ilavt. Dig-., art. 746.) It was the original or protocol which remained in the office of the alcalde, and is now in tiie legal custody of the clerk of the County Court. It was admissible, therefore, upon his certificate.
Tiie principal question in the case is whether the verdict was warranted by the evidence. The evidence establishes, wc think, beyond question, the northwest and southwest corners of the Miller league, by marked trees answering to the calls of the survey of that league, and also a plainly marked line from one corner to the other, as its western line. Ho witness testified to the fact, as of his own knowledge, that this ivas the line actually run find marked in making the original survey of the land to Miller; hut the facts and circumstances iii evidence ail tending to this conclusion and admitting of none other wore so numerous, so clearly and folly proved, and were of so conclusive a character and tendency, as to leave no doubt of the. fact. This line, it is true, does not answer to tiie calls for distance west, hut there is none which does. Proceeding west the distance called for, and there are neither lines nor corners found which could have been’ marked as the corners and lines of the survey. The conclusion, therefore, is inevitable that the marked corners and lines found answering- to the description given in the field-notes were the corners and lines marked and run in making the survey, unless we adopt the supposition that the survey was not actually made and the lines run and marked as the survey purports. The appellees do not ask us to indulge this supposition, nor would it become them, claiming under the grant to Miller, to rest their case upon it. We are not at liberty to assume that there was no actual survey made ; on the contrary, we must suppose that the surveyor did his duty, and that he actually traced and marked the lines of the survey, and the testimony establishes the fact beyond a doubt.
But the line thus run and marked as the western line of' the survey and the. calls of tiie field-notes for distance west do not agree. The surveyor stopped short of the distance called for and included in ‘the survey less than the required quantity of land. And the question is presented whether tiie marked lines of the survey actually made or tiie course and distances shall govern in ascertaining the land conveyed in the grant to Miller.
The law, as applicable to a case like the present, seems to he well settled. The general rules are, that, 1st, natural boundaries; 2d, artificial marks, and 3d, course and distance should govern the location. A correct location, it lias Been said, consists in tiie application of any one or all of these rules to the particular case; and when they lead to contrary results, that must he adopted which is most consistent with the intention apparent on tiie face of tiie grant. (McCullough v. Richardson, 1 McC. S. C. R., 167.) Hence, there are many cases where the course and distance will control natural marks or boundaries, as where it is apparent on the face of tiie grant that these were iuserted by mistake, or were laid down by conjecture and without regard to rule; and so of a variety of cases which may be supposed to exist. (Ib.; 2 Const. R., 115.) There is, however, nothing in the present case to exempt it from the operation of tiie general principle we have stated, and which is thus stated by Chief Justice Marshall in the case of Newsom v. Pryor’s Lessee: “It is,” he said, “ that the most material and most certain calls shall control those which are “ less material and less certain. Acall for a natural object, as a river, a known “ stream, a spring, or even a marked tree, shall control both course and clis- “ tance.” (7 Wheat. R., 7; Urquhart v. Burleson, 6 Tex. R.)
The application of this principle to the facts of the case in evidence required that the verdict should have been set aside, as manifestly contrary to law, and a new trial awarded. The judgment must therefore be reversed, and tiie cause remauded for further proceedings.
Reversed and remanded.
Lipscomb, J., did not sit in this case.
Note 21. — Same case, 21 T., 8.
Noth 22. — Loach t\ Millard, post 651; George v. Lemon, 19 T., 153. A party objecting to written evidence for any cause not going to its relevancy or competency, bub only for the manner of its authentication or proof, must specially allege the grounds of his objection at the trial and cause them to appear upon the record. (Ryan-u. Jackson, 11 T.,391; Croftv. Rains, 10 T.,520.)
Noth 23. — Andrews v. Marshall, 26 T., 212.
Note 21. — Andrews v. Marshall, 20 T„ 212. In a county clerk’s authentication of a public instrument executed before a primary judge in 1833 ho certified the copy to be a “true copy “taken from the original in my office and an archive thereof:” Held, that the certificate is sufficient. (Hooper y. Hall, 35 T., 82)
Note 23. — George v. Thomas, 10 T., 74; Bolton v. Lamí, 10 T., 90; Bartlett v. Hubert, 21 T., 8; Mitchell r. Bimlo.tt, 22 T., 033; Anderson y. Stamps, 19 T., 400; Bass v. Mitchell, 22 T., 285; Booth v. Upshur, 20 T., 04: Robertson v. Masson, 26 T., 218; Booth -y. Strippleman, 26 T,, 436; Stroud v. Springfield, 28 T., 049; Stafford v. King, 30 T., 257.