### W. C. HEINTZ ET AL. v. M. L. THAYER ET AL.

No. 685.  Decided June 5, 1899.

**1.  Evidence—What Constitutes a Record.**

The "record of an officer" of which certified copies are admissible in evidence under Revised Statutes, article 2306, is that which is made in the discharge of his official duties by doing an act that he is empowered to do.  (P. 664.)

**2.  Same—Deed Improperly Acknowledged.**

The transcribing upon the records of his office of a deed not properly acknowledged, is an unauthorized act of the recording officer, and does not entitle a copy of such record to admission under Revised Statutes, article 2306.  (Pp. 663-665.)

**3.  Same.**

Not being "a record," such transcript can not be proven by a certified copy, although the original transcript might be admissible as evidencing a circumstance material to the issue to be tried.  (Pp. 665, 666.)

**4.  Case Overruled.**

Ammons v. Dwyer, 78 Texas, 639, overruled, so far as in conflict with this decision.  (P. 666.)

ON MOTION FOR REHEARING.

**5.  Acknowledgment.**

A certificate of acknowledgment showing that before the officer "appeared E. C., to me known, who signed his name to the above deed of conveyance for the considerations and purposes stated," is insufficient.  (Pp. 663, 667.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Harris County.

The suit was by Thayer et al v. Heintz et al.  Plaintiffs recovering judgment, defendants appealed, and on affirmance by Court of Civil Appeals obtained writ of error.

*Baker, Botts, Baker & Lovett, A. L. Jackson,* and *Lock McDaniel,* for plaintiffs in error.—A certificate of acknowledgment made in 1854 by a commissioner of deeds for the State of Texas in Louisiana over his seal of office, reciting that one whose name appeared signed to the deed to which the certificate was attached appeared before that officer and was known to him, and "he signed his name to the above deed of conveyance for the consideration and purposes stated," afforded no such proof, under the statutes in force at the time, as would authorize registration of the instrument. Pasch. Dig., arts. 5007, 5008, 4988; Heintz v. Thayer, 42 S. W. Rep., 1151; Heintz v. O'Donnell, 42 S. W. Rep., 798; McDaniel v. Needham, 61 Texas, 269; Rev. Stats., arts. 4640, 4663; Johnson v. Taylor, 60 Texas, 361; Davis v. Agnew, 67 Texas, 206; Hancock v. Lumber Co., 65 Texas, 232.

The entry of a deed in the records, which is not so authenticated as to authorize registration, does not constitute a record within the meaning of article 2306, Revised Statutes. Such entry can not be established by means of a certified copy, but is to be proved, if at all, by the testimony of the person who made it or saw it entered, and who verified it as a true copy of the original. The presumption of verity ordinarily attaching to acts performed by public officers in the course of official duty does not apply to an act which is not legally authorized. Rev. Stats., arts. 4650, 2306; Hayden v. Moffatt, 74 Texas, 647.

A certificate of acknowledgment being insufficient in law to authorize registration, its entry on the records has no effect in law and does not constitute a registration of the instrument for any purpose. The attempt to register such a document is an absolute nullity. Hayden v. Moffatt, 74 Texas, 650; Rev. Stats., art. 4353; Johnson v. Taylor, 60 Texas, 361; Davis v. Agnew, 67 Texas, 206.

Without proof of the execution and delivery of the original instrument, an examined copy or other evidence of its contents is clearly inadmissible, especially where as in this case the original is in the custody of the heirs of the grantor, which circumstance negatives the fact of any delivery to the grantee. Schunior v. Russell, 83 Texas, 83, 95; McLaughlin v. McManigle, 63 Texas, 553.

Delivery is necessary to the validity of a deed, and no title passes until delivery has been made. Dikes v. Miller, 24 Texas, 417; Tuttle v. Turner, 28 Texas, 759; McLaughlin v. McManigle, 63 Texas, 553; Steffian v. Bank, 69 Texas, 513; Van Hook v. Walton, 28 Texas, 59; Hubbard v. Cox, 76 Texas, 242.

To complete that delivery of a deed which is necessary to pass title to land, the document must be placed by the grantor in the control of the grantee with the intent that it shall become operative as a conveyance. While it has been held in Holliday v. White, 33 Texas, 459, and Newton v. Emerson, 66 Texas, 147, that delivery may be inferred from the fact that the grantor acknowledged the execution of the deed so as to entitle it to be recorded, and deposited it, duly authenticated, in the proper office for registration, yet no such inference can be indulged

here; first because the deed does not come from the plaintiff's possession, but is in the possession of the heirs of the grantor, where it has been as far back as the proof goes; and second, because, while it was entered on the records, its registration was unauthorized by law and was a mere nullity, and hence has no more force or effect than would an unrecorded deed found among the papers of the grantor but not authenticated so as to entitle it to record. Steffian v. Bank, 69 Texas, 513; McLaughlin v. McManigle, 63 Texas, 553; Hayden v. Moffatt, 74 Texas, 647.

*Norman G. Kittrell, A. C. Allen, Edgar Watkins* and *Frank C. Jones,* for defendants in error.—Where the evidence shows that the defendants are in possession of a deed more than forty years old which they refused to produce after notice, and it further appears that the plaintiffs have been claiming possession under the deed for that length of time, claiming to own the land therein conveyed, and paying taxes thereon and exercising ownership thereof, and where there was no claim of ownership by the grantor in said deed, of the land conveyed, and no payment of taxes thereon, certified copies showing the record of the deed in three counties in which the land is situated are admissible in evidence as circumstances for the jury to consider in determining the question of the execution and delivery of the deed regardless of the correctness of the acknowledgment to the deed. Heintz v. Thayer, 50 S. W. Rep., 175; Heintz v. O'Donnell, 42 S. W. Rep., 797; Ammons v. Dwyer, 78 Texas, 644; Newby v. Haltaman, 43 Texas, 314; Jones on Ev., secs. 217, 218, 533; Allen v. Read, 66 Texas, 19; Dawson v. Ward, 71 Texas, 77; Peck v. Clark, 18 Texas, 239; Binney v. Russell, 109 Mass., 55; Crain v. Huntington, 81 Texas, 614; Danforth v. Railway, 99 Ala., 331; Reinboth v. Imp. Co., 29 Pa. St., 139; Jackson v. Rice, 3 Wend., 180; U. S. v. Reyburn, 6 Pet., 352; Baylor v. Tillebach, 49 S. W. Rep., 721; Guinn v. Musick, 41 S. W. Rep., 723; McCarty v. Johnson, 49 S. W. Rep., 1098; Rodriguez v. Haynes, 76 Texas, 234.

Signing your name to a deed with the above recitations is stating by signs, the most expressive of language, that you "executed the same." The certificate contains the words "considerations and purposes stated." "Sign," verb transitive, is defined by Webster to mean "to represent by a sign; to signify, to make known in a typical or emblematic manner, in distinction from speech; to affix a signature, to ratify by hand or seal, to subscribe in one's own handwriting." See also 22 Am. and Eng. Enc. of Law, 781.

A signature consists both of the act of writing a party's name and of the intention of thereby finally authenticating the instrument. 2 Greenl. on Ev., 674. "The primary meaning [of sign] is to write one's name on paper or to show or declare assent or attestation by some sign or work." Anderson's Law Dict., p. 952. "By signature is understood the act of putting down a man's name at the end of an instrument to attest its validity." 2 Bouvier's Law Dict. p. 640. "By signature is understood the act of putting down a man's name at the end of an instrument to

attest the validity. The name thus written is also called a signature." The Standard Dictionary says: "Sign: to affix one's signature to; append one's name, initials, seal, or mark to, as a document, picture, or the like, as a method of acknowledging it."

If the deed had been signed before the grantor appeared before the officer, it would have been necessary for the grantor to state "that he had executed," but if the deed was signed in the presence of the officer, the officer could certify that it was so signed, and a statement in the past tense was unnecessary and useless. Signing was stating that he did execute. If a grantor were mute he could use no other language to the officer than signing "his name to the above deed."

In the authorities herein cited it will be seen that our courts have said "signed" means "executed," and that words may be supplied when omitted by reason of a clerical error. By inserting the words "stated he" after "who" and before "signed," which words are included in the meaning of "signed," we have an acknowledgment literally complying with every word of the statute, and as the definition of "signed" includes the meaning of "stated," we have a literal compliance with the statute as the certificate stands. "Subscribe" and "execute" mean the same. Dorn v. Best, 15 Texas, 62.

A substantial compliance with the statute is sufficient. Monroe v. Arledge, 23 Texas, 478.

"The object sought to be attained mainly in the authentication of an instrument for record is the ascertainment of the fact that the grantor did execute it. The material matter then embraced in the acknowledgment is the execution of the deed." The foregoing is a quotation from the opinion by Justice Roberts in the case of Monroe v. Arledge. Applying these principles of law to this case, we see the object of the statute has been attained. To state that a grantor personally appeared before an officer who was appointed for the purpose of taking acknowledgments and signed his name to the deed for the purposes and considerations therein mentioned, is an ascertainment of the fact that he executed the deed.

To acknowledge that you "sign" a deed is to acknowledge its execution. Belcher v. Weaver, 46 Texas, 293. In that case the rule is stated to be: "The general rule upon this subject is, that there must be a substantial, though not a literal, compliance with the terms of the statute and that although words not in the statute are used in the place of others that are, or words in the statute are omitted, yet, if the meaning of the words is the same, or they represent the same fact, or if the omission of a word or words is immaterial or can be supplied by a reasonable and fair construction of the whole instrument, the certificate will be held sufficient." See page 298 of opinion, with citations.

Words may be supplied. Belbaze v. Ratto, 69 Texas, 636; Talbert v. Dull, 70 Texas, 678; 1 Dev. on Deeds, 2 ed., secs. 510, 522; Durst v. Daugherty, 81 Texas, 650; Mullins v. Weaver, 57 Texas, 5; Butler v. Brown, 77 Texas, 342; Summer v. Mitchell, 14 Law. Rep. Ann., 815;

Wise v. Postlewait, 3 W. Va., 452; 1 Am. and Eng. Enc. of Law, 550, note 1; Kings v. Merritt, 11 West, 297.

Certificate must be read in connection with the deed. Basshor v. Stewart, 54 Md., 376; Kelly v. Rosenstock, 45 Md., 389; Cleland v. Long, 34 Fla., 353, 272; Carpenter v. Dexter, 8 Wall., 513; McCormack v. James, 36 Fed. Rep., 14; Brunswick Co. v. Brackett, 37 Minn., 58; L'Engle v. Reed, 9 So. Rep., 213; Owen v. Baker, 14 S. W. Rep., 175.

Substantial compliance all that is required. Meriam v. Harsen, 2 Barb. Ch., 232; Watkins v. Hall, 57 Texas, 1; Dundas v. Hitchcock, 12 How., 256; Deery, Lessee, v. Cray, 5 Wall., 795; Kelly v. Calhoun, 95 U. S., 710; Harlowe v. Hudgins, 19 S. W. Rep., 364; Gray v. Kauffman, 17 S. W. Rep., 513.

The practice of acknowledging and recording officers may be resorted to. Meriam v. Harsen, 2 Barb. Ch., 269; Jackson v. Gilchrist, 15 Johns., 89.

Presumption in favor of notarial act. Alexander v. Houghton, 86 Texas, 702.

It would be an unreasonable conclusion that Edward Cochran did not in fact acknowledge the deed. He had a deed, he went to a man whose business it was to take acknowledgments, and he signed the deed for the purposes and considerations therein expressed. In Jackson v. Gilchrist, 15 Johns, 89, supra, the court uses the following language, which is quite appropriate here: "The inference drawn by the counsel from the form of the certificate of acknowledgment (that the parties came before the magistrate to acknowledge), that no acknowledgment in fact was made, can not be correct. An acknowledgment was deemed necessary and the parties went before the officer for the purpose of making it, and it would be a most unreasonable conclusion that it was not in fact done."

Where the statute merely requires an instrument to be acknowledged without prescribing any form of certificate, it is sufficient if it fairly appears therefrom that the person who executed the instrument appeared in person before the officer and acknowledged it as his act and deed. Brunswick Co. v. Brackett, 37 Minn., 58.

Signed used for execute does not vitiate. Bensimer v. Fell, 12 S. E. Rep., 1078.

To omit the word "acknowledge" does not vitiate. Bryant v. Richardson, 126 Ind., 145.

In support of the motion for rehearing, counsel for defendants in error, on the sufficiency of this certificate of acknowledgment, also urged:

In addition to the argument and authorities heretofore presented and cited on this point we beg to submit the following: Brownson v. Scanlan, 59 Texas, 222, 229; Snowden v. Rush, 69 Texas, 593, 597; Pasture Co. v. Preston, 65 Texas, 448, 458.

In Brownson v. Scanlan, supra, the acknowledgment is in almost the

identical language of the one here, the only difference being that the ackowledgment in that deed was in the body of the deed and not following it, as here.

BROWN, ASSOCIATE JUSTICE.—Mary L. Thayer and others, the heirs of W. W. Thayer, deceased, brought this suit to recover from Winifred C. Heintz and others, heirs of Edward Cochran, deceased, certain lands situated in Harris, Colorado, and Jasper counties. The petition alleged in substance that Cochran in his lifetime made, executed, and delivered to W. W. Thayer a deed for the lands in question, which was placed upon the records for deeds in the several counties in which the land was situated, but the original of the said deed was in the possession of the defendants, who claimed that the acknowledgment of the same was defective. The plaintiffs prayed that the execution of the said deed be established, that they recover the land from the defendants, and that the claim made by the defendants be canceled.

Lock McDaniel, Esq., was appointed guardian ad litem, and answered with the other defendants by a plea of not guilty and a plea in reconvention, praying also that the cloud cast upon their title by the claim of the plaintiffs be removed. There were other allegations in the pleadings of the plaintiffs and defendants not material to be mentioned in this connection.

The Court of Civil Appeals announced its conclusions of fact as follows: "Our conclusions of fact on the controverted point in the evidence, viz., whether or not Edward Cochran ever executed to W. W. Thayer a conveyance of the land in question, is that the making and delivery of such a deed were made to appear, as explained in the opinion."

The plaintiffs offered in evidence a certified copy, from the records of Harris, Colorado, and Jasper counties, each, of what purported to be a deed from Edward Cochran to W. W. Thayer for the land sued for. The certificate of authentication of the said deed is in the following language:

*"State of Louisiana, City of New Orleans.*—Before me, Edward Hall, Commissioner of the State of Texas, appeared Edward Cochran, to me known, who signed his name to the above deed of conveyance for the considerations and purposes stated. In witness whereof, I hereunto set my hand and seal of office this 21st day of January, A. D. 1854.
[L. S.]                    "EDWARD HALL, Commissioner."

The defendants objected to the admission of the copies because the certificate of acknowledgment was not in accordance with the laws of this State,—that the clerks of the different counties were not authorized to record it, and a certified copy of such unauthorized record is not admissible for any purpose. The court at the time stated orally to the jury "that the certified copy was not admitted as evidence in itself of

title to the land in controversy, but was admitted as a circumstance to be considered by the jury under the written charge to be given by the court, determining whether the deed of which said instrument purported to be a copy was ever executed and delivered." The defendants excepted to the ruling of the court.

Judgment was rendered for the plaintiff for the land, which the Court of Civil Appeals affirmed.

It is not claimed by the defendants in error that the deed in question was properly authenticated for record, but they insist that the copies made from the record books of the different counties were admissible under the following article of the Revised Statutes: "Art. 2306. Copies of the records of all public officers and courts of this State, certified to under the hand and seal (if there be one) of the lawful possessor of such records, shall be admitted as evidence in all cases where the records themselves would be admissible; translated copies of all records in the Land Office, certified to under the hand of the translator, and the Com-. missioner of the General Land Office, attested with the seal of said office, shall be prima facie evidence in all cases where the original records would be evidence." To make a copy admissible as evidence under this article, the thing copied must be a *record* of a public officer or of some court of the State and must itself be admissible if offered in evidence. The point for determination is, did the transcribing of the purported deed from Cochran to Thayer upon the record books of the different counties named constitute a record of the county clerk of each of said counties within the meaning of the term as used in the law?

In the case of Hubert v. Bartlett, 9 Texas, 97, there was deposited in the General Land Office an instrument in the Spanish language from which a translated certified copy was taken and offered in evidence and this court held that it was admissible because it was a *"record"* of that office, being properly deposited therein.

In Patrick v. Nance, 26 Texas, 299, one of the parties offered in evidence a certified copy from the General Land Office of the field notes of a survey which had been deposited in that office but had never been approved by the principal surveyor of the land district nor recorded as required by law. The copy was admitted by the trial court, but this court reversed the case, saying: "The copy of the field notes from the General Land Office appears to have been improperly admitted in evidence, because the original, not having been approved or recorded by the principal surveyor, was not properly returned to, and did not become a record of, that office."

In the first case above cited, our court held that an authorized official act constitutes a record within the terms of our statute, and in the other, that an unauthorized act did not constitute such record, from which we think it may be said that a *"record of an officer"* is that which is made in the discharge of his official duties by doing an act that he is empowered by law to do. This conclusion is supported by Ordway v. Conroe, 4 Wisconsin, 59, and by Barnes v. Easton, 1 Cranch C. C., 430.

In the case of Ordway v. Conroe, cited above, a copy from the records of a circuit court of the United States was offered in evidence, but was excluded because it was not authenticated according to the act of Congress. It was contended that the copy was admissible under a provision of the statutes of Wisconsin which reads as follows: "The records and judicial proceedings of any court of any State or territory of the United States shall be admissible in evidence in all cases in this State, where authenticated by the attestation of the clerk or prothonotary or other officer having charge of the records of such court, with the seal of such court annexed." In discussing the question, that court said: "We think it can hardly be contended seriously that any and every paper, claimed to be 'records and judicial proceedings,' *authenticated* by the signature of the clerk and the seal of the court, are by this act made competent evidence 'in all cases in this State.' On the contrary, the record or copy of a record, if such it purports to be, must be complete in itself. In other words, the calling it a record by the attesting clerk, or by the party offering it in evidence, does not make it so. A *record* of a court has a fixed judicial meaning, and certain requisites are essential to give to it the character which the term implies." The "fixed characteristics" of a record are that it must be of and concerning a proceeding in court or within the official powers of an officer, and it must be made under such conditions that the officer was authorized by law to act and to do the thing done, whereby it can alone become a record within the meaning of the law. Transcribing the deed in question upon the records of his office by a clerk of the county court was no more an official act than if it had been done by a total stranger, nor did it constitute a record because it was transcribed upon a book in which the records ought to be kept by an officer alone authorized to make such entry, for the reason that the act was neither permitted nor required by law.

In support of its decision, the Court of Civil Appeals cites the case of Ammons v. Dwyer, 78 Texas, 639, and the honorable Chief Justice of that court says: "If the entry is admissible as evidencing a circumstance, certainly the record book itself containing such entry would be admissible to show the entry." This proposition rests upon the provision of the statute that such copy "shall be admitted as evidence in all cases where the records themselves would be admissible." This is a plausible construction of the statute, but it rests upon an improper interpretation of the word "records," for if the writing upon the book be not the "record" within the meaning of the statute, that it is not admissible as a record and does not support the conclusion arrived at by the learned judge who wrote the opinion. The book is not the "record," and the fact that the book, if it were produced in court, might be used to prove that there was such a writing upon its pages does not bring it within the statutory rule which authorizes that proof be made by a certified copy. The "records" which must be admissible are the same that may be proved by certified copy. The book is not the thing permitted to be proved by copy; therefore, the admissibility of the book does not author-

ize the use of a copy of an instrument written on the paper of the book. It is the policy of the law to authorize the proof of official acts by the certificate of the officer who performed them or who is in possession of the record, because the certificate has the sanction of the official oath and is supported by official responsibility; but it does not permit an officer to establish by his official certificate and the seal of his office the fact that he did that which the law did not permit or authorize him to do. That would be ex parte evidence, unsupported by the official oath or the responsibility of the officer, and the witness, if allowed to testify by certificate, would not be subject to cross-examination or to any tests of credibility which the law provides as safeguards to those engaged in litigation.

In the case of Ammons v. Dwyer, 78 Texas, 639, Judge Collard, who wrote the opinion of the Commission of Appeals, which is approved by the Supreme Court, did not refer to article 2306, and the question as to whether the copy from the record of deeds of Bexar County constituted a record was neither raised nor discussed in that case. Some of the language used by the learned judge appears to refer to the copy as if it were admissible as such without reference to the evidence of the witness who examined it. In that case, however, the copy was examined by a witness who had once had possession of the original deed charged to be lost, and he testified that the copy examined by him contained the same matter as the lost deed, and the copy was therefore admissible to establish the terms of the deed in question without regard to its being a copy of any record. In approving that opinion, it was not necessary for the Supreme Court to pass upon the question that is raised and discussed in this case, and, in fact, it does not appear to have been presented to that court by the briefs. We think that the case of Ammons v. Dwyer can not be said to be authority upon the construction of article 2306, but, in order that there may be no misunderstanding, that case is overruled in so far as it conflicts with this opinion.

Article 2306 was intended to prescribe the manner in which proof might be made of all official and judicial records not otherwise provided for in the many special provisions upon that subject contained in the statute, and the phrase, "where the records themselves would be admissible," was introduced to guard against a construction that would admit in evidence copies of instruments which would not themselves be admissible to prove the same facts.

We find no other error in the proceedings of the trial court. For the error indicated, the judgments of the District Court and Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered May 1, 1899.

ON MOTION FOR REHEARING.

BROWN, ASSOCIATE JUSTICE.—The ground upon which the plaintiffs in error objected to the introduction of certified copies of the deed from Cochran to Thayer was, that the acknowledgment was not in compliance with the requirements of the law, and that the clerks of the different counties had no authority to record the deed, for which reasons the certified copies were not admissible. The validity of the acknowledgment was necessarily passed upon and determined by this court in sustaining the assignment made by the plaintiffs in error. But it is earnestly contended, upon this motion for a rehearing, that the certificate of acknowledgment is sufficient under the law and that the certified copies were admissible for all purposes. We have re-examined the question and have considered the following authorities which are cited and mainly relied upon to sustain the claim: Bronson v. Scanlan, 59 Texas, 222; Pasture Co. v. Preston, 65 Texas, 448, and Snowden v. Rush, 69 Texas, 593. The official report of Bronson v. Scanlan does not show the fact, but an examination of the original record discloses that the body of the deed contained all the requirements of a valid acknowledgment and justified the statement of Chief Justice Willie that "the acknowledgment is contained in the body of the deeds instead of at the foot, being simultaneous with their execution. It contains all of the requisites of the proof as required by our statute for admitting deeds to record." Neither of the cases cited sustain the acknowledgment to the deed in question. We see no reason to change our opinion as to the proper construction of article 2306, Revised Civil Statutes. If the fact that the deed from Cochran to Thayer was transcribed upon the record of deeds in the counties named is material to any issue in the case, it can be proved according to the common law, but not by a copy certified to by the clerk.

*Motion overruled.*