## INTERSTATE CRUDE OIL CO. v. YOUNG.

No. 948.   Opinion Filed June 27, 1911.

Rehearing Denied September 26, 1911.

(118 Pac. 257.)

1.   **DISMISSAL AND NONSUIT**—Payment of Costs.   Under section 5919, Compiled Laws of Oklahoma 1909, an action may not be dismissed without an order of court, except on the payment of the costs accrued.

2.   **COSTS**—Stipulations as to Judgment—Enforcement.   Where the parties stipulate for the settlement of an action, providing that each shall pay his own costs, the court does not thereby lose jurisdiction thereof, but may retain the same, award and tax costs, and render judgment therefor in accordance with the terms of the stipulation.

(Syllabus by the Court.)

*Error from District Court, Tulsa County; A. H. Huston, Judge.*

Action by F. H. Young against the Interstate Crude Oil Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*E. M. Clark,* for plaintiff in error.

*L. S. Wilson* and *Victor O. Johnson,* for defendant in error.

DUNN, J.  This case presents error from the district court of Tulsa county, and arose by the defendant in error bringing an action to recover on certain contracts which he alleged had been entered into with him by the plaintiff in error, the Interstate Crude Oil Company.  The defendant being a nonresident corporation, plaintiff, without bond, attached certain pumps and oil machinery used in operating its property in the state.  Under this statement the sheriff took possession of the property, whereupon the defendant made application for the appointment of a keeper, who might supervise the property and conserve it, to the end that it might be available to pay any judgment rendered, and thereby enabled defendant to continue to operate.  With the case in this situation, and after the keeper appointed had been serving for nearly a year, a settlement was agreed upon by the parties, which was reduced to writing, and is as follows:

"It is hereby stipulated and agreed by and between the parties to the above-entitled cause that upon payment by defendant of $1,250.00 to plaintiff herein, this suit shall be dismissed, each party paying his own costs."

It appears that the money mentioned was paid into the court by the defendant, and the keeper was paid out of the same. Thereafter, at a hearing had to determine the liability for the keeper's costs or fees, the court found as follows:

"The court further finds that a custodian of the attached property was made necessary by reason of the defendant's interfering with the attached property, and by reason of the defendant's being given leave, at its request, to operate and use the attached property pending the suit, and that the fee of the custodian therefor in the sum of $1 per day of three hundred thirtyone (331) days was an item of costs made by the defendant, and that the same should be taxed to the defendant.  The court further finds that, without prejudice to the rights of the plain-

tiff, and with the consent of the defendant, the said custodian's fee was paid by the clerk of the district court out of the moneys deposited by the defendant for the plaintiff, and belonging to the plaintiff, and that the plaintiff is entitled to judgment against the defendant for said sum of $331."

Counsel for plaintiff in error in his brief states:

"There is but one question in the case. The parties stipulated a settlement. It provides that certain money is to be paid by the defendant to the plaintiff, and that each party shall pay his own costs, and that the action should be dismissed. The money was paid, and nothing remained but for the court to dismiss the case. And the only question is, Can the court refuse to dismiss the case, or render any judgment whatever in the case?"

The statute (section 5919, Compiled Laws of Oklahoma 1909) provides:

"That a plaintiff may, on the payment of costs and without an order of the court, dismiss any civil action brought by him at any time before a petition of intervention or answer praying for affirmative relief against him is filed in the action. A plaintiff may, at any time before the trial is commenced, on payment of the costs and without an order of court, dismiss his action after the filing of a petition of intervention or answer praying for affirmative relief, but such dismissal shall not prejudice the right of the intervener or defendant to proceed with the action. Any defendant or intervener may, in like manner, dismiss his action against the plaintiff, without an order of court, at any time before the trial is begun, on payment of the costs made on the claim filed by him. All parties to a civil action may at any time before the trial, without an order of court, and on payment of costs, by agreement, dismiss the action. Such dismissal shall be in writing and signed by the party or his attorney, and shall be filed with the clerk of the district court, the judge or clerk of the probate court, or the justice, where the action is pending who shall note the fact on the proper record."

From this section of the statute it will be seen that, except on the payment of the costs, a party in no action may dismiss it after the same has been filed and costs have accrued. And to us it appears clear that the question which counsel ask in reference to the right of the court to refuse to dismiss the case without the payment of costs is answered in the affirmative by the

above statute. The controversy between the parties was in fact over the question of who was liable for the item of costs, and the judgment of the trial court that the costs in controversy were made by the defendant, and that the same shall be taxed to the defendant, in our judgment is correct. Under cost statutes identical with those of this state, the Circuit Court of Ohio, in the case of *Standard Oil Co. v. Valley Ry. Co.,* 7 Ohio Cir. Ct. R. 442, held that in a case where suit was brought and settled by the parties before judgment, in settlement of which no mention was made about costs, the court still retained the action, and held that it might render such judgment for the same against both or either of the parties as was right and equitable.

The defendant in this action having agreed in its stipulation to pay its costs, and the lower court having assessed the disputed item to it, and finding no error in the judgment rendered, the same is accordingly affirmed.

TURNER, C. J., and KANE and WILLIAMS, JJ., concur; HAYES, J., absent and not participating.