## STUART v. HICKS.

Nos. 5658, 6880. Opinion Filed October 12, 1915.

Rehearing Denied December 7, 1915.

(153 Pac. 143.)

1. **DISMISSAL AND NONSUIT—Voluntary Dismissal Without Prejudice—What Constitutes.** On August 12, 1912, plaintiff filed an action against defendant to cancel a deed alleged to have been obtained from her by defendant through fraud. On the 16th day of October, 1912, she executed a second deed to defendant for the same land, and signed a stipulation to dismiss her action with prejudice. On October 31, 1912, she instituted a second action against the defendant to cancel both of said deeds, upon the alleged ground of fraud in obtaining the same. On November 21, 1912, she filed a written dismissal of her first action without prejudice, and the court made an order to that effect. On December 9,

1912, the defendant filed the stipulation of dismissal with prejudice, obtained from plaintiff on October 16, 1912, and the court made an order relative to said cause as follows: "12/9/12. Parties file stipulation of dismissal. Cause dismissed"—and on the same date the clerk made the following entry: "Cause dismissed as per stipulation of this date." **Held,** cause was effectively dismissed without prejudice on November 21, 1912.

2.    **SAME—Voluntary Dismissal—When Effective.** Section 5126, Rev. Laws 1910, provides for the dismissal of an action by plaintiff upon the payment of costs, and a dismissal complying with the statute becomes effective immediately upon the filing of the dismissal, and requires no order of the court. ,

(Syllabus by Mathews, C.)

*Error from District Court, McIntosh County;*
*Preslie B. Cole, Judge.*

Action by Pearl Hicks against I. O. Stuart. Judgment for plaintiff, and defendant brings error. Affirmed.

*Chas. F. Runyan,* for plaintiff in error.

*J. B. Lucas* and *Britton H. Tabor,* for defendant in error.

Opinion by MATHEWS, C. The parties will be referred to here as they were designated in the trial court. The plaintiff, Pearl Hicks, is a negress and freedman citizen of the Creek Nation, and as such was allotted 160 acres of land in McIntosh county. On the first day of August, 1912, she made a deed to all of said land to the defendant. Soon thereafter she instituted suit against defendant for the cancellation of said deed, alleging that said deed was obtained through fraud and deception. After the institution of said suit plaintiff and defendant agreed to a settlement of their differences, and for an agreed consideration plaintiff made defendant another deed to her allotment of 160 acres, and signed a stipulation to dismiss her action with **prejudice.** In a short while thereafter plaintiff instituted a second action against defendant, therein

seeking to cancel both the first and second deeds, alleging that the same were procured through fraud and deception. On the 22d day of November, 1912, the defendant filed his answer to the last-named action of plaintiff, and answered by general denial, and further pleaded that at the time plaintiff filed her said action she had then pending a prior action against the defendant, which cause of action was the same as that alleged in her last-filed petition, and that the parties, subject-matter, and causes of action were the same in each suit, and prayed for the dismissal of the last-filed suit. On the 26th day of November, 1912, plaintiff replied that she had dismissed her former action mentioned in defendant's answer without prejudice. On the 19th day of March, 1913, defendant filed his amended answer and plea in bar to plaintiff's petition, wherein he alleged that plaintiff had filed a prior action against defendant, seeking to have a deed given by plaintiff to defendant canceled, and further alleged that said cause of action was the same as the later one and that the parties, subject-matter, and causes of action were the same in each suit, and that on December 9, 1912, by order of court, the first cause of action was dismissed with prejudice, and said order of dismissal was a complete adjudication of all the matters set up in the last-filed action and a bar to the cause of action set forth in plaintiff's petition. The cause came on to be heard upon defendant's motion to dismiss plaintiff's suit, and the court, after hearing the evidence presented by the parties relative thereto, sustained the motion, and entered an order dismissing the same, upon the grounds that the two actions as to the parties thereto and subject-matter were the same, and that the former one had been dismissed with prejudice, and hence was a bar to another suit upon the same cause of action and a com-

plete and final adjudication thereof. The plaintiff then filed her motion for a new trial, setting out therein that the court had erred in sustaining defendant's said plea in bar. On the 4th day of August, 1913, the court sustained plaintiff's motion and granted a new trial, from which action of the court the defendant appealed to this court. The cause came on for trial upon its merits on April 7, 1914, the case was tried to the court, who rendered judgment canceling the deeds given by plaintiff to defendant upon the terms that plaintiff reconvey to defendant forty acres of land which defendant had deeded to plaintiff, and also refund to defendant the sum of $1,215 with interest. Defendant filed a motion for a new trial, which was denied, and he has appealed to this court. The parties hereto have filed a stipulation that the two appeals be consolidated and treated as one case.

The defendant states his contention as follows:

"The main question in the case, and practically the only one which plaintiff in error cares to urge on this appeal, is the error committed by the trial court in sustaining the motion of plaintiff for new trial of the matter in which the court decreed that the judgment of December 12, 1912, dismissing cause No. 859 was *res adjudicata* of the issues involved in the present action."

In seeking to have this court review the action of the trial court in granting the plaintiff below a new trial, the defendant states that the only proposition presented here is a "pure, simple, and unmixed question of law," and we are of the opinion that he is correct. It appears that this case hinges upon the question whether or not the first cause of action was dismissed with or without prejudice. It is plainly apparent that the parties and causes of action in the two suits were in effect the same. It is true, the

last-filed cause of action also prayed that a second deed given by plaintiff to defendant be canceled for alleged fraud and deceit, but in order for plaintiff to maintain the last cause of action, it was imperative that the first cause of action had not gone to final judgment, because if the first cause of action, which sought to have the prior deed from plaintiff to defendant canceled, had been effectively dismissed with prejudice, then plaintiff would' have no longer such interest in the land in controversy as would support the second action. The trial court did not state his reasons for granting a new trial, his order being that:

"The court having heard the argument of counsel and being fully advised in the premises doth sustain said motion and grant a new trial herein."

On November 21, 1912, there was filed the following:

"In the District Court in and for McIntosh County, Oklahoma.

"Pearl Hicks, Plaintiff, v. I. O. Stuart, Defendant. No. 859.

"Dismissal.

"Comes now Pearl Hicks, the plaintiff in the above numbered and styled cause of action now pending in this court, and dismisses said cause of action without prejudice.

"Dated this 30th day of October, 1912.

"[Signed]   PEARL HICKS."

On December 9, 1912, there was filed the following:

"In the District Court in and for McIntosh County, Oklahoma.

"Pearl Hicks, nee Pearl Chambers, and Garfield Hicks, Plaintiff, v. I. O. Stuart, Defendant.   No. 859.

"Dismissal.

"Comes now the plaintiffs in the above-entitled cause and dismiss the petition, filed herein and the cause of action set forth therein at plaintiff's cost and with prejudice.

"Dated this 16th day of October, 1912.

"[Signed]    PEARL HICKS, *nee* CHAMBERS."

The trial docket in reference to the disposition of the first case shows the following orders made by the court:

"Judge's Orders.

"November 21, 1912. Plaintiff files dismissal without prejudice.

"December 9, 1912. Parties files stipulation dismissal. Cause dismissed."

The minutes of the court clerk made on December 9, 1912, in reference to the dismissal of the first cause of action are as follows:

"Pearl Hicks *et al.* v. I. O. Stuart. Number 859. Cause dismissed as per stipulation of this date."

Section 5126, Rev. Laws 1910, provides that the plaintiff may, on the payment of costs and without an order of court, dismiss his civil action at any time before an answer praying affirmative relief against him is filed in the action. On November 22, 1912, and after the plaintiff had filed a dismissal of her first suit, the defendant filed his answer thereto, praying for affirmative relief, in that he asked that the title to the land in controversy be quieted in him, and that it be decreed that the plaintiff had no valid claim or title therein. Under section 5126, *supra*, the plaintiff had the right to dismiss her action at any time, even without an order of the court, and her dismissal became effective immediately upon the filing of the dismissal instrument and the payment of the costs. The record is silent as to whether or not she paid the costs

at the time she filed her dismissal, but even should it be held that it was incumbent upon her to affirmatively show that she had paid the accrued costs at the time she filed her dismissal, yet that defect, if such it be, was fully cured by obtaining from the court on that date an order of dismissal. *Interstate Crude Oil Co. v. Young*, 29 Okla. 465, 118 Pac. 257; *Long v. Bagwell*, 38 Okla. 312, 133 Pac. 50.

We hold that on December 9, 1912, at the time the defendant filed the stipulation signed by the plaintiff to dismiss the cause of action with prejudice, plaintiff's cause of action had effectively been dismissed prior thereto on the 21st day of November, 1912, without prejudice, and therefore the court had no authority to then make a valid order dismissing with prejudice, without first vacating or modifying in some way the said dismissal and order of November 21st, and for these reasons we are of the opinion that the court did not commit error in granting plaintiff a new trial, and we recommend that the judgment be affirmed.

By the Court: It is so ordered.