## HARJO *et al.* v. BLACK *et al.*

No. 7569.     Opinion Filed December 21, 1915.

(153 Pac. 1137.)

1.  **STIPULATIONS—Dismissal Fraudulently Procured—Motion to Set Aside—Jurisdiction to Entertain.** On June 5, 1915, the plaintiffs signed a stipulation of dismissal of a certain action theretofore instituted by them, which stipulation was on June 10th following filed in the office of the clerk of the district court, and notation thereof made on the records of said date. On July 2d next thereafter plaintiffs filed in said court their motion to cancel, set aside and strike from the files said dismissal, charging that it was procured by means of fraud practiced on them by one of the defendants. On July 5th thereafter an amendment to said motion was filed, charging other grounds of fraud in the procurement of said dismissal stipulation. On the same day defendants filed their motion to strike plaintiffs' motions, charging that the court was without power and had no jurisdiction to grant plaintiffs relief. At the same time defendants paid the court costs due and unpaid at the time the stipulation was filed. All parties being either present or represented by counsel, a hearing was on the same day had, and the court, without hearing proofs. overruled plaintiffs' motions. **Held** that, in overruling said motions without a hearing thereon, the court erred.

2.  **SAME.** The fact that under the statute no order of court is required to enable a plaintiff to dismiss an action, when and where authorized, does not take from the court its jurisdiction, in the same action and on the same day that the costs are paid, to inquire into and determine whether or not fraud was practiced in procuring plaintiffs' signatures to the stipulation of dismissal, all parties being present or represented by counsel. In such case the court had the inherent right, and it was its duty to hear and determine the issues raised by plaintiffs' motion and to enter such judgment or order thereon as was proper.

(Syllabus by the Court.)

*Error from District Court, Creek County;*
*Ernest B. Hughes, Judge.*

Action by Mollie Harjo and another against George E. Black and others. From an order overruling motion to strike from the files a written dismissal filed by plaintiffs, plaintiffs bring error. Reversed and remanded.

*Lewis C. Lawson, H. B. Moffit,* and *R. C. Allen,* Creek National Atty., for plaintiffs in error.

*O'Meara & Sipe,* for defendants in error Black, Richards, and Van Winkle.

*Sherman, Veasey & Davidson,* for defendants in error Franchot and Prairie Oil & Gas Co.

SHARP, J. May 26, 1915, plaintiffs, Mollie Harjo and Albert Harjo, filed suit in the district court of Creek county against the defendants, George E. Black, John D. Richards, J. M. Van Winkle, N. V. V. Franchot, and the Prairie Oil & Gas Company, and others, to recover the possession of a tract of valuable oil land claimed by said plaintiffs, for an accounting of oil produced thereon, and for other relief. On the day following, summons was issued to the several defendants, and on June 3d service was had upon the defendants Black and Richards. On the 10th day of June following, there was filed in the office of the clerk of the district court a purported dismissal of said suit, in words and figures as follows, omitting caption:

"Dismissal of Action. Comes now the above-named plaintiffs, Mollie Harjo and Albert Harjo, and respectfully represent to the court that they have received settlement and satisfaction from the above-named defendants, and hereby dismiss the above numbered and styled case with prejudice. Dated and signed this 5th day of June, A. D. 1915. Mollie Harjo (her x mark and right

thumb mark), Albert Harjo, Plaintiffs. Mollie Harjo's name was signed by me at her request and in her presence. Johnson Tiger. Additional witness: Thomas Wesley."

On July 2d following, the plaintiffs, through their attorneys, filed in said suit their motion to cancel, set aside, and strike from the files said dismissal, charging that the same was procured by means of false and fraudulent representations practiced upon them by the defendant Richards. On July 5th thereafter said plaintiffs filed in said suit an amendment to said motion, setting up and charging other and further grounds of fraud in securing their signatures to the dismissal of June 5th. On the same day defendants filed their motion to strike the original and amended motion of the plaintiffs from the files, because, it was said, the court was without jurisdiction and had no power to grant the same. On the same day, namely, July 5th, defendants paid $2.50 costs, being the amount of costs due at the time the dismissal was filed with the clerk. A hearing being had upon the motion and amended motion of the plaintiffs, and upon the motion of the defendants, on the day last named, the plaintiffs being present in person and by counsel, and the defendants being represented by their attorneys, the court overruled plaintiffs' motion to vacate, set aside, and strike from the files the dismissal by them signed in said suit. From this order of the court, the present appeal is prosecuted. There was no judgment or order dismissing plaintiffs' suit.

By section 1, c. 24, of the Session Laws of 1890, p. 192 (section 5126, Rev. Laws 1910), it is provided that a plaintiff may, on the payment of costs, and without an order of court, dismiss any civil action brought by him

at any time before a petition of intervention or answer praying for affirmative relief against him is filed in the suit. The right of the plaintiff, upon the payment of costs, to dismiss a civil action under the statute, is clear. *Long v. Bagwell,* 38 Okla. 312, 133 Pac. 50; *Stuart v. Hicks,* not yet officially reported, 153 Pac. 143. Prior to the passage of this statute pending actions could only be dismissed by order or judgment of court. *Oberlander v. Confrey,* 38 Kan. 462, 17 Pac. 88. The statute was intended to furnish an expeditious means whereby a civil action could be voluntarily dismissed by the plaintiff at any time before the filing of a petition of intervention or answer seeking affirmative relief against plaintiff was filed, and without the necessity of obtaining an order of court directing such dismissal. But the filing of the stipulation by plaintiff is not all; for the statute requires that the costs be paid. We have already seen that, although the stipulation was filed on June 10th, the costs were not paid until July 5th, and were not then paid by the plaintiffs, but by defendants. It cannot be said, therefore, that the mere filing of the stipulation automatically dismissed the suit. Until the costs were paid it remained upon the court docket, as though the stipulation had not been filed. The court was not divested of jurisdiction over the action until a compliance with the statute. *Interstate Crude Oil Co. v. Young,* 29 Okla. 465. 118 Pac. 257. Plaintiffs' amendment to their motion, the defendants' motion to strike, and the order thereon were filed and made on July 5th, the same day that defendants paid the court costs. Whether the costs were paid on or before the court rendered its judgment does not appear and is not material.

It is insisted by counsel for defendants in error that the lower court was without jurisdiction to hear and determine plaintiffs' motions to strike the stipulation from the files, because, among other reasons, no order or judgment was necessary to work a dismissal, and hence, though it be conceded that ordinarily the trial court has the control over orders or judgments during the term at which made, and for sufficient cause may modify or set them aside at that term, yet, as no order or judgment was required, the rule has no application. The decisions of this court and other courts sustaining the general rule stated, holding that the power to correct errors in their own proceedings is inherent in all courts of general jurisdiction, are collected in *Todd et al. v. Orr*, 44 Okla. 459, 145 Pac. 393. See, also, *Philip Carey Co. v. Vickers*, 38 Okla. 643, 134 Pac. 851. The authority of the court, generally speaking, to set aside orders of dismissal does not differ from that to set aside other orders or judgments. In *Doss et al. v. Tyack*, 14 How. 298, 14 L. Ed. 428, it was insisted that the court had no power to set aside the order or decree dismissing the bill, unless on a new and orinigal bill filed for that purpose. The contention is very similar to that made here by counsel for defendants, and was disposed of by the court in the following language:

"As regards the first point, we perceive no error in the action of the court, except in their first order dismissing the suit. It did not require an original bill to authorize the court to vacate an order or decree, at the same term at which it was made, on discovering that they have committed an error, or that the consent of the complainants to such dismissal was obtained by the fraud of the respondents or their agents. In fact, under such circumstances, it cannot be said that the act was done by

the consent or will of the complainants at all. The court, in vacating the decree, were correcting an error both of fact and of law; and during the term at which it was rendered they had full power to amend, correct, or vacate it, for either of these reasons."

It is said, and not denied, that all proceedings had in the case at bar took place at the May term of the court. There can. be no question, to our minds, that the court had jurisdiction to entertain and hear plaintiffs' motions. These motions were promptly met by the defendants in their counter motion, in which the power of the court was questioned, and its jurisdiction to grant plaintiffs relief was denied. All parties were present or represented at the hearing. While the statute authorizes a plaintiff to dismiss his case upon certain conditions, it does not follow that the court is without jurisdiction in the same suit, and on the very day that the costs are paid, to inquire into and determine the occasion and circumstances connected with the procurement of the dismissal, and the force and effect that should be given it. If upon such hearing the court should have found that the stipulation was procured by the defendant Richards through fraud practiced by him upon said plaintiffs, certainly it cannot be said that it had no authority to vacate or set aside the dismissal procured by means thereof. If, in fact, the dismissal was so obtained, we can see no reason why, when that fact became known to the plaintiffs, they could not promptly move to vacate and set it aside. Were an order of court necessary to render efficacious the dismissal, the court's power to vacate and set aside its own order cannot be gainsaid. It would be strange, indeed, if the right given the plaintiff, unaided by the court, to dismiss an action, should deprive the court of its power to inquire into the means by which the

Harjo et al. v. Black et al.

stipulation was obtained, and which it would have but for the statute.

Anticipating, it would seem, that objections to the dismissal would be made, defendants on the same day that the stipulation was obtained procured from Thomas Wesley and Johnson Tiger, affidavits of the part taken by them in securing from plaintiff the dismissal of their suit. These affidavits denied that fraud or other wicked means were used in inducing Mollie Harjo or Albert Harjo to sign the stipulation. But whether the motions should have been sustained or denied upon a hearing involves questions foreign to that presented by the record.

Plaintiffs' original and amended motions, and the issue tendered thereon by defendants, and their appearance therein were sufficient to invoke the jurisdiction of the court to hear and determine the circumstances under which defendants procured from plaintiffs the written dismissal of their action.

It was, therefore, error for the trial court, without a hearing upon the allegations of said motions, to overrule them, for which the judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.

All the Justices concur.