## DAVIS et al. v. MIMEY.

No. 6636—Opinion Filed March 21, 1916.

Rehearing Denied September 26, 1916.

(159 Pac. 1112.)

1. **Dismissal—Effect of Voluntary Dismissal—Statute.**

(a) Section 5126, Rev. Laws 1910, gives the plaintiff the right, upon the payment of costs. to dismiss his action at any time before a petition of intervention or answer, praying for affirmative relief against him, has been filed. (b) While the clerk should make some record of the dismissal when the same is filed by the plaintiff, yet the mere filing of the written dismissal acts automatically to dismiss the action, and it does not take an order of the court to render the same effective. (c) But the dismissal does not become effective unless the costs are paid.

2. **Ejectment — Abatement — Former Suit Pending.**

An action was instituted in the federal court to cancel a certain deed. While this action was pending, an action in ejectment against the same parties was instituted in a state court for the recovery of possession of the same tract of land. Held, as the federal court had not taken jurisdiction of that phase of the matter, that the said ejectment action could be maintained in the state court.

3. **Ejectment — Actions — Evidence — Admissibility.**

After the issues in an ejectment action had been made up, defendants obtained a deed from plaintiff for the land in controversy. Upon the introduction of this deed during the trial, plaintiff attacked the same upon the alleged ground that the same was procured through fraud. Defendants urged that evidence could not be received as to fraud because no fraud had been pleaded. Held, the admission of the same was proper under the circumstances.

4. **Appeal and Error—Review—Determination.**

Under the Code, the Supreme Court has full power to render such judgment as the facts warrant, and may reverse as to one defendant and affirm as to another, unless the rights of the defendants are so interwoven and their interests so united that the judgment affects all alike.

(Syllabus by Mathews, C.)

Error from District Court, Seminole County; Tom D. McKeown, Judge.

Action by Mimey against J. O. Davis, Malcom Henry and Bob Owens. There was a judgment for plaintiff, and defendants appeal. Affirmed as to the first named defendants, reversed as to the last.

The parties will be designated as in the trial court. One Mimey, a Seminole Indian woman, instituted this action against the defendants in the district court of Seminole county. Her petition embraced two counts; the first being an action in ejectment for the possession of a certain tract of land and for damages for its detention, and the second count being an action for the cancellation of a deed to said tract of land. She alleged in her petition that the tract of land in controversy was her allotment, and that defendants had been in the wrongful possession of the same since January 24, 1907. Defendants answered by general denial, and that they were owners of said land by virtue of a deed from plaintiff. Defendants further set up that in July, 1908, in the Circuit Court of the Eastern District of Oklahoma, the United States, as guardian of the estate of the plaintiff and in her behalf, filed an action, seeking

the cancellation of the deed herein sought to be canceled and for the same reasons, and that the parties and subject-matter in said action in the said federal circuit court and in the action at bar were the same, and that said action in the federal court was still pending and undisposed of, for which reasons they asked that this action be abated. To this answer plaintiff replied by general denial. Afterwards the following instrument was filed, and by the clerk spread upon the minutes:

"Sept. 27th, 1913.

"Wewoka, Okla. Mr. R. H. Chase, Clerk of the Dist. Court, at Wewoka: This is to demand of you that you dismiss the suit of Mimey v. J. O. Davis but not as to Malcolm Henry, at my costs in full settlement of all trouble and liability between us.

"Mimey (her X mark.)"

When the case was called for trial on the 11th day of December, 1913, the plaintiff asked permission of the court to withdraw the aforesaid dismissal. The defendants interposed an objection to the withdrawal of said dismissal, for the alleged reason that the same was filed on October 3, 1913. at a time when court was not in session, and that the same effectively dismissed said action. and defendant Davis stated that he appeared specially for the purpose of resisting said motion, and claimed that the court had no jurisdiction since the dismissal. The motion to withdraw the dismissal was sustained by the court. Plaintiff introduced deed to her allotment, embracing the land in controversy, and produced evidence as to the rental value of the land, and it was agreed that she was an enrolled half-blood Seminole. The defendants introduced deed from. plaintiff to them for the land in controversy, dated January 24, 1907. They also introduced a certified copy of the suit filed in the federal court for the purpose of canceling the aforesaid deed given by plaintiff to defendants. They next introduced deed from plaintiff, Mimey, to defendant Davis, embracing 80 acres of the land in controversy. being the surplus allotment of the said Mimey, this deed being dated September 27, 1913. A written agreement of the same date was also introduced, wherein for a consideration of $25 in cash and other considerations the said Mimey agreed to dismiss her action against defendants. Plaintiff contested said last-named deed and written agreement upon the ground of alleged fraud in inducing the said Mimey to sign the same and the claim that she had been overreached. This was the principal controversy at the trial, and much evidence was introduced upon both sides thereon. but it is unnecessary to review the same here. Before the

close of the testimony the plaintiff dismissed. her second cause of action, and the defendants entered a disclaimer as to land embraced in the homestead allotment of' the said Mimey. The cause was tried to a jury and a verdict by them returned in favor of plaintiff for the possession of the land and $260.75 damages for its detention. The motion for a new trial was overruled, and the defendants prosecute this appeal.

T. S. Cobb and J. O. Davis, for plaintiffs in error.

John W. Willmott, for defendant in error.

Opinion by MATHEWS, C. (after stating the facts as above). The first assignment of error to be considered is the ruling of the court in permitting the plaintiff to withdraw her dismissal filed on October 3, 1913. It has been held by the court that section 5126, Revised Laws 1910, gives the plaintiff the right, upon the payment of costs, to dismiss his action at any time before a petition of intervention or answer, praying for affirmative relief against him, has been filed. While the clerk should make some record of the dismissal when the same is filed by the plaintiff, yet the mere filing of the written dismissal acts automatically to dismiss the action, and it does not take an order of the court to render the same effective. Long v. Bagwell, 38 Okla. 312, 133 Pac. 50; Stuart v. Hicks, 52 Okla. 665, 153 Pac. 143; Harjo v. Black, 49 Okla. 566, 153 Pac. 1137. But in the case at bar the plaintiff did not pay the costs as the statute requires when she attempted to dismiss her action, and for that reason her attempted dismissal did not become effective, and therefore the court retained jurisdiction of the case. In the case of Harjo v. Black, 49 Okla. 566, 153 Pac. 1137, on this subject, it is said:

"But the filing of the stipulation by plaintiff is not all; for the statute requires that the costs be paid. * * * It cannot be said, therefore, that the mere filing of the stipulation automatically dismissed the suit. Until the costs were paid it remained upon the court docket, as though the stipulation had not been filed. The court was not divested of jurisdiction over the action until a compliance with the statute."

Defendants next urge that, owing to the fact that the federal court had first assumed jurisdiction of this cause, involving the same parties and subject-matter, this fact precluded plaintiff from prosecuting an action in another court for the same purpose. It will be noted that plaintiff's petition embraced two counts or causes of action. The first was an action in ejectment and for damages, and the second sought the cancellation of the first deed given by plaintiff,.

Mimey, to defendants Davis and Henry. When defendants introduced a certified copy of the said petition filed in the federal court by the United States attorney, the plaintiff then dismissed her second cause of action, and the court announced that the trial would proceed upon the ejectment action. It is defendants' contention that as the federal court had first acquired jurisdiction, it had power to grant complete relief, and could not be divested by the district court of Seminole county of any part of its jurisdiction. It was held in the case of Heckman v. U. S., 224 U. S. 413, 32 Sup. Ct. 424, 56 L. Ed. 820, that when the United States undertakes to represent the allottee of lands under restrictions and brings a suit to cancel prohibited transfers, such an action precludes the prosecution by the allottees of any other suit for a similar purpose, relating to the same property. In the case of Prout v. Starr, 188 U. S. 537, 23 Sup. Ct. 398, 47 L. Ed. 584, it is said that the jurisdiction of the circuit court could not be defeated or impaired by the institution of subsequent proceedings in the state court involving the same legal question. This rule also applies to state courts, and it is elementary that the court first acquiring jurisdiction maintains it over courts who attempt subsequently to take cognizance of the same matter. This rule is absolutely necessary to prevent inextricable conflict and confusion, but we do not believe the case at bar comes within the rule. The case then pending in the federal court which defendants claim had first acquired jurisdiction of this matter was a very peculiar one. It seems to have been a case of wide scope, and had for its object the cancellation in one suit of an immense number of deeds given by Indians conveying restricted allotments. From an examination of the petition introduced in evidence herein by the defendants, it is evident that the only object of that suit was to cancel the deeds, leases, and like instruments obtained from restricted Indians, and the deed mentioned in the case at bar was included in the list sought to be canceled, but the petition in said federal suit did not ask for relief beyond that, and even after said suit had been prosecuted to a successful termination it would still leave the defendants in possession of the land and the damages plaintiff would be entitled to for its retention not adjudicated. The petition there said nothing about the defendants being in possession of the land in controversy, or about the plaintiff being entitled to damages for its retention. The federal court was not taking jurisdiction of that phase of the matter, but had for its only object the cancellation of the deed, and for that

reason we see no good reason why this action in ejectment and for damages could not be maintained.

Plaintiff's action was one in ejectment and for damages for retention. Defendants' answer thereto was in effect a general denial. At the trial it was shown that defendants had procured two deeds to the land in controversy. The first deed was obtained on the 24th day of January, 1907, but the court properly ruled that said deed was void because the restrictions of plaintiff, Mimey, had not been removed at that time. The second deed was dated the 27th day of September, 1913, long after this action had been instituted and the issues made up, and defendants relied solely on this deed to defeat plaintiff's action. Plaintiff attacked this deed upon the ground that it was procured through fraud. Defendants here complain of the court's action in permitting evidence to be introduced to prove this fraud, because plaintiff had not alleged fraud in her pleadings. It is true, as a general rule, that in order to prove fraud it must first be pleaded, but it would be an anomaly to say that plaintiff will not be permitted to attack a deed thus obtained through fraud after the issues have been made up, because the fraud had not been pleaded. Under the conditions presented in this case we believe the ruling of the court in admitting the evidence was correct, and that the same was amply sufficient to sustain the verdict of the jury.

The evidence in this case shows that the plaintiff, Mimey, was a very ignorant, illiterate Indian woman. The defendants obtained possession of her allotment in 1907 under a void conveyance, and after this action was brought to recover possession, which she had for a long time been deprived of, and pending the action, she was induced to make another deed thereto, and also sign away her right to damages while the land was detained from her. In the execution of the second deed, the evidence plainly shows she was overreached and imposed upon. It appears that she was an old woman, alone, unable to speak or understand English, and she was induced by another Indian woman, who was paid a fee of $25 by defendants for her services, and who was able to speak intelligently both the Indian language and English, to sign the second deed for a mere pittance of its actual value by being told that she would lose her suit anyway, and that she should take what she could get.

During the trial the plaintiff dismissed as to some of the defendants, and the final judgment was against defendants Davis, Henry, and Owens. It is admitted that there was

no evidence in the record fixing liability on the said Owens, and that he ought to be relieved from the effect of the judgment. Upon this point the defendants contend that the judgment is joint and indivisible, and as it must be reversed as to the said Owens, it must be reversed as to the other defendants also. The defendants have cited a long list of authorities to support their contention, which have no force in this state, as the common law rule upon this point has been expressly abrogated by statute. Section 5124, Revised Laws 1910, reads as follows:

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; it may determine the ultimate rights of the parties on either side, as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled. In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment may be proper. The court may also dismiss the petition with costs, in favor of one or more defendants, in case of unreasonable neglect on the part of the plaintiff to serve the summons on other defendants, or proceed in the cause against the defendant or defendants served."

Section 5236, Revised Laws 1910, relates to the jurisdiction of the Supreme Court, and is as follows:

"The Supreme Court may reverse, vacate or modify judgment of the county, superior or district court, for errors appearing on the record, and in the reversal of such judgment or order, may reverse, vacate or modify any intermediate order involving the merits of the action, or any portion thereof. * * *"

The above two statutes, construed together, make it evident that the action of the Supreme Court on the point involved here is governed by statute, and not by the common law, and has full power to render such judgment as the facts warrant, and may reverse as to one party and affirm as to another. Outcalt v. Collier, 8 Okla. 473, 58 Pac. 642; Louisville, New Albany & Chicago Ry. Co., and Toledo, St. Louis & Kansas City Ry. Co. v. Treadway, 143 Ind. 689, 40 N. E. 807, 41 N. E. 794.

However, even if the defendants were correct in their statement of the law that a joint judgment, if reversed as to one of the defendants, must be reversed as to all, yet it would have no application here because the judgment rendered by the trial court was not a joint judgment, but a joint and several judgment. Richardson v. Painter, 80 Kan. 574, 102 Pac. 1099, 133 Am. St. Rep. 224.

Of course it will be conceded that where the rights of the defendants are so inter-woven, and their interests so united that the judgment of necessity affects all alike then the action of the court upon appeal should be the same as to all the defendants. But the judgment in the case at bar as shown before was joint and several. In the case of Hamilton v. Prescott, 73 Tex. 565, 11 S. W. 548, it was said:

"We think the conclusion to be deduced from these apparently conflicting cases is that this court, when it finds error in the proceedings of the lower court as to any party to the judgment and not as to another, and that a proper decision of the case as to one is not dependent upon the judgment as to the other, will reverse in part and affirm in part. But where the rights of one party are dependent in any manner upon those of another, it will treat the judgment as an entirety, and where a reversal is required as to one it will reverse the judgment as a whole." Heintz v. Thayer, 92 Tex. 658, 50 S. W. 929, 51 S. W. 640; Chicago, R. I. & G. Ry. Co. v. Young & Ball (Tex. Civ. App.) 107 S. W. 127; Sturgis, Cornish & Burn Co. v. Miller, 79 Neb. 404, 112 N. W. 595; Austin v. Appling, 88 Ga. 54, 13 S. E. 955; Enos et al. v. Capps, 12 Ill. 255; Westcott v. Bridwell et al., 40 Mo. 146; Cellulose Package Mfg. Co. v. Calhoun, 166 Cal. 513, 137 Pac. 238; Eddings v. Boner, 1 Ind. Terr. 173, 38 S. W. 1110.

We recommend that the judgment as to Bob Owens be reversed, with instructions to dismiss the action as to him, and affirmed as to defendants J. O. Davis and Malcolm Henry.

By the Court. It is so ordered.