## HUDDLESTON v. TEXAS CO. et al.

No. 25360.    Oct. 6, 1936.

Rehearing Denied Jan. 5, 1937.

I. F. Bradley and F. C. Swindell, for plaintiff in error.

J. H. Hill, John R. Ramsey, B. W. Griffith, and Sol H. Kauffman (Harry T. Klein, of counsel), for defendant in error Texas Company.

J. E. Thrift, for defendants in error B. B. Jones and R. L. Jones.

PHELPS, J. Lonzo Huddleston, plaintiff in error herein, filed his petition in the district court of Tulsa county against the defendants in error, who were defendants in the trial court, in which he prayed for recovery of certain real estate and for an accounting for oil and gas alleged to have been produced therefrom.

Issues having been joined, the cause was regularly set for May 27, 1932, and when called for trial, the following order was made by the trial court:

"Upon application of the plaintiff case is sticken from the jury docket to be reset on the next jury docket, and at the cost of the plaintiff, to be paid within 30 days from this date."

The cause was reset and called for trial on February 7, 1933, at which time plaintiff moved for a continuance, which motion was overruled. Defendants then moved for judg-

ment on the pleadings, which motion was sustained and judgment rendered in behalf of defendants. On July 12, 1933, after the expiration of the term of court at which judgment was rendered, plaintiff filed his "motion to vacate judgment." Defendants entered their appearance, filed their response and, upon hearing, the court rendered judgment overruling plaintiff's motion and refused to vacate and set aside the judgment. From this order plaintiff prosecutes this appeal.

Plaintiff in error's principal contention is that the court had no jurisdiction to render the judgment herein for the reason that on November 3, 1932, before the judgment was rendered on February 7, 1933, the cause had been, by plaintiff, dismissed. It appears that plaintiff did attempt to dismiss the case by mailing dismissal thereof to the court clerk. It further appears, however, that when the court clerk received the instrument he opened the envelope and placed the filing stamp upon the instrument. However, when he started to enter the dismissal upon the docket, he discovered that the costs were in arrears and he then drew his pen across the filing stamp, marked it "Refused for lack of costs," and refused to enter the dismissal upon the docket.

Section 422, O. S. 1931, reads as follows:

"A plaintiff may, on the payment of costs and without an order of court, dismiss any civil action brought by him at any time before a petition of intervention or answer praying for affirmative relief against him is filed in the action. * * *"

We have many times held that for a plaintiff to avail himself of the benefits of this section of the statute he must strictly comply with the terms thereof. Interstate Crude Oil Co. v. Young, 29 Okla. 465, 118 P. 257; Harjo v. Black, 49 Okla. 566, 153 P. 1137; Davis v. Mimey, 60 Okla. 244, 159 P. 1112; Oklahoma City Land & Development Co. v. Patterson, 73 Okla. 234, 175 P. 934; State ex rel. v. Pitchford, 68 Okla. 81, 171 P. 448; Davis v. Robedeaux, 97 Okla. 86, 222 P. 990.

At the hearing of the motion to dismiss plaintiff contended, and contends here, that the costs were not in arrears, and evidence was introduced on both sides upon that question, and the court found against the contention of plaintiff. An examination of the record leads us to the inevitable conclusion that the trial court was justified in finding that at the time of the attempted dismissal the costs were in arrears and that the clerk properly refused to file the purported dismissal, and that the court had jurisdiction

of the parties and subject-matter at the time the judgment was rendered.

The judgment of the trial court is therefore affirmed.

McNEILL, C. J., and BAYLESS, WELCH, and CORN, JJ., concur.