## DUGAN et al. v. WILMS.

No. 12472—Opinion Filed Oct. 23, 1923.

1. Judgment — Collateral Attack — Quieting Title—Trusts.

In an action involving the title to real estate between a plaintiff and cestui que trust, in which the trustees who have personal rights in the subject-matter are joined as defendants in their individual capacity, a judgment in favor of the plaintiff on the issues joined is sufficient to withstand a collateral attack by the trustees in their official capacity in a subsequent proceeding between the parties and those in privity involving the same subject-matter.

2. Same — Matters Concluded.

In the trial of a cause by a court of competent jurisdiction, its decree upon the merit is conclusive between the parties upon all the facts adjudicated, together with all the material facts which might have been presented as constituting a claim or defense. Such issues of fact so adjudicated cannot thereafter become the subject-matter for litigation between the same parties, or those in privity in a collateral proceeding.

3. Affirmance of Judgment.

Record examined, and held to be sufficient to supoprt the judgment of the trial court.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Alfalfa County; J. C. Robberts, Judge.

Action by Ida R. Wilms against H. F. Dugan et al. to quiet title to real estate. Judgment for plaintiffs, and H. F. Dugan and J. G. Dugan, as trustees for Levenua L. Dugan, and George Weber, as guardian for Levenua L. Dugan, bring error. Affirmed.

Hill & Kirkendall, for plaintiffs in error.

A. R. Carpenter, for defendants in error.

Opinion by STEPHENSON, C. During the lifetime of Felix G. Dugan, the latter executed and delivered his deed of conveyance to certain real estate to H. F. Dugan and J. G. Dugan, as trustees for the use and benefit of Levenua L. Dugan. Thereafter Martha Carter, a daughter of the deceased grantor, commenced her action in the district court of Alfalfa county, against Levenua L. Dugan, the cestui que trust in the deed of grant, H. F. Dugan and J. G.

Dugan et al., in which the validity of the deed in question was involved. In the trial of the cause judgment went for the plaintiff and against the defendants, decreeing the deed of trust to be void, and quieted the title equally among all the parties, who were children of the deceased. This judgment became final. In a partition proceeding it was found that an equal division of the lands could not be made and the property was sold for a division of the sales price. Robert W. Rodgers was the purchaser at the partition sale, and later sold and conveyed the property to Ida R. Wilms. In the action attacking the validity of the trustee deed, H. F. Dugan and J. G. Dugan were not designated as defendants in their official capacity. Before the trial of the cause last referred to, it was made to appear to the court that Levenua L. Dugan was an incompetent. The court upon application of the plaintiff appointed a guardian ad litem to defend the cause for the incompetent. A general denial was filed by the guardian ad litem for the incompetent, Ida R. Wilms commenced her action in this cause against H. F. Dugan and J. G. Dugan, as trustees for Levenua L. Dugan, and George Weber, as guardian of Levenua L. Dugan, the latter having been previously adjudged an incompetent by a court of competent jurisdiction, and subsequent to the action first referred to herein. The defendants filed general denial and cross-action, asserting title through the deed of trust. The plaintiff pleaded the judgment in favor of her grantor as a bar against any and all claims of the defendants. In a trial of this cause judgment went for the plaintiff and defendants have brought error to this court and seek a reversal upon the following grounds:

(a) That the court could not set aside tne deed of trust and terminate the trust as the defendants H. F. Dugan and J. G. Dugan were not designated as trustees.

(b) That judgment by default could not have been taken against an incompetent as was done in the cause in which the deed of trust was canceled.

Going to the first proposition, H. F. Dugan and J. G. Dugan, who were named as trustees in the deed of trust, were present in court as defendants in the action attacking the deed of trust. This was an equitable action in which it was proper for the cestui que trust to be made a party defendant. Being an equitable action the cestui que trust could make any and all defenses, either legal of equitable, which were proper within the issues. The valid-

ity of the deed of trust was drawn into question within the issues joined, and the judgment which canceled the deed of trust was therefore binding upon the interest of Levenua L. Dugan. Although H. F. Dugan and J. G. Dugan were not styled as defendants in their official capacity, the action involved a subject-matter for which these parties were trustees, and any interests which the trustees had in the subject-matter were properly within the issues created. The matter was being heard by a court of competent jurisdiction with all interested parties present, and the judgment of the court decreeing the cancellation of the deed was within the issues. Therefore the judgment was conclusive between the parties upon the facts adjudicated, together with all the material facts which might have been presented as constituting a valid claim or defense. As the questions presented by the cross action of the defendants have been litigated heretofore in a court of competent jurisdiction between the defendants and the grantor of the plaintiff, the judgment becomes a bar to any claims which the defendants may assert in this action through the deed of trust. Therefore the judgment -pleaded by the plaintiff in this action constitutes a bar to any and all claims which the defendants might have asserted through the deed of trust, except for the judgment which was heretofore rendered against them. Lebeck v. Ft. Payne Bank, 67 A. S. R. 51; Corrugated Culvert Co. v. Simpson Twp., 51 Okla. 178, 151 Pac. 854; McIntosh v. Holtgrave, 79 Okla. 63, 191 Pac. 739.

The record does not disclose whether or not judgment was rendered against the incompetent by default in the action in which the deed of trust was canceled. Therefore, the question of rendering judgment by default against an incompetent is not involved in this action and is not passed upon.

It is therefore recommended that the judgment of the trial court be affirmed.

By the Court: It is so ordered.