## FIRST NAT. BANK OF DUNCAN v. MARTIN.

No. 25041.   Opinion Filed March 21, 1933.

Rehearing Denied April 3, 1933.

Sandlin & Winans, for plaintiff in error.

Melton & Melton, for defendant in error.

BAYLESS, J.   Estella R. Martin instituted an action in the district court of Stephens county, Okla., against the First National Bank of Duncan, Okla., seeking to cancel a deficiency judgment owned by said bank against her.   Judgment was for the plaintiff, and the parties will be referred to herein as they appeared in the trial court.

J. W. Martin, husband of the plaintiff.

in order to secure to the defendant certain indebtedness owing by him to it, executed a note and a mortgage covering 420 aches of land owned by him. The plaintiff joined with him in the erection of this note and mortgage. Later she and her husband executed an oil lease upon 190 acres of this land for a consideration of $1,100. This money was paid to defendant and used by it to pay taxes upon the real estate covered by the mortgage and to pay interest upon the note. The defendant waived the priority of its mortgage over the lease. Default was made in the note and mortgage, suit was brought thereon, and judgment rendered against plaintiff and her husband.

Thereafter her husband went into bankruptcy, and at the first meeting of creditors the referee in bankruptcy and the creditors agreed that all of the bankrupt's assets were mortgaged and that there was no equity in said assets. and it was therefore agreed by all present that it would serve no useful purpose to the estate to appoint a trustee for said estate.

The plaintiff bases her right to have the deficiency judgment remaining after the sale of the property in the foreclosure proceeding, canceled for several reasons: (1) The oil lease was executed for an inadequate consideration; (2) the bank by waiving the priority of its mortgage lien in favor of the lease, without her actual knowledge or consent. released her as surety or accommodation maker on the note; and (3), at the first meeting of creditors, when the referee in bankhuptcy and the creditors were abandoning the property, as a condition precedent. required the defendant to take the property in satisfaction of its judgment and to release any claim against the estate of the bankrupt for any deficiency; that the defendant accepted such condition precedent: that the plaintiff knew of such condition precedent and acceptance, relied upon it, and was released from her liability to the defendant.

We will direct our attention first to grounds numbered 1 and 2. The plaintiff cannot rely upon these grounds for any relief against the defendant in this proceeding. The consideration for the lease was an element in a contract between J. W. Martin and this plaintiff, on the one hand, and the lessee. a stranger to this action, on the other hand. The lease was the contract of the plaintiff, and if the consideration therefor was inadequate, it is attributable to her and her husband and not to the defendant. The defendant should not be penalized for the plaintiff's own mistakes in business judgment.

If the defendant waived the priority of its mortgage lien over the lease as to the 190 acres without the actual knowledge and consent of the plaintiff, the same constituted a defense to her obligation upon the note and should have been urged as a defense in cause No. 6715 in the district court of Stephens county, Okla., wherein the defendant obtained its judgment against her. A final judgment of a court of competent jurisdiction is conclusive between the parties to the action, not only as to all matters actually litigated and determined in the action, but as to all matters germane to issues which could or might have been litigated therein. Baker v. Leavitt, 54 Okla. 70, 153 P. 1099. And, in the trial of a cause by a court of competent jurisdiction, its decree is conclusive as to all facts adjudicated together with all material facts which might have been presented as constituting a claim or defense. Dugan v. Wilms, 93 Okla. 89, 219 P. 651.

We now take up the third proposition. The testimony upon this point is conflicting, but we believe its fullest import is shown in the testimony of the referee in bankruptcy. He testified, in substance, that at the first meeting of creditors it appeared that all of the property of the bankrupt was mortgaged, that the mortgages against each particular piece of property equaled or exceeded its value, and that no equities were apparent in favor of the estate: that he discussed this matter with the creditors present and with their consent refused to sanction the election of a trustee or to appoint one himself. and prepared to abandon the property; that it was his custom, prior to abandoning property mortgaged beyond it apparent worth, to exact a promise from the incumbrancers of the property to accept such property in full satisfaction of their claim against the bankrupt and to further agree not to present a claim, based upon a deficiency judgment after its sale. for the purpose of sharing with the common creditors in other assets of the estate: that he was not certain of his power or authority to do this: that he made such a condition precedent in this particular instance and understood and believed that the defendant accepted it. The plaintiff testified that she was present. heard such condition proposed to the defendant, heard the defendant accept it, and that she relied thereupon.

The plaintiff contends that she occupies the position of a surety in so far as the note and mortgage and judgment are concerned. She cites and relies upon the rule of law announced in 34 C. J. 701. sec. 1083. and the cases cited thereunder, including

First Nat. Bank v. Gallagher, 138 N. W. 681, to the effect that a surety or judgment debtor may be released by the judgment creditor on a parol agreement founded upon a new and independent valuable consideration. We do not disagree with this rule, but we do not find in the plaintiff's petitions or the evidence in support thereof, a new and independent valuable consideration to support the alleged agreement of the defendant to release her.

She pleads the stipulation or agreement made in the referee in brankruptcy's office. We find in Remington on Bankruptcy (3rd Ed.) that property belonging to a bankrupt, which is incumbered to the extent or in excess of its value, may be abandoned by the bankrupt estate. But, in vol. 2, sec. 1133 of this work, it is said:

"In the abandonment of property or compromise of claims with reference thereto, the rights of lienholders may not be prejudiced thereby and the interests of all parties must be considered."

Under the laws of the state of Oklahoma, the defendant had a valid and subsisting judgment and lien against the real estate in question with full legal right to cause the same to be sold in the manner prescribed by law to the satisfaction of its judgment, and with the further right, if at such sale the judgment was not entirely satisfied, to proceed against the plaintiff's property to satisfy the deficiency judgment. Therefore, when the referee in bankruptcy attempted to abandon this property with the proviso that the defendant should look to it alone for the satisfaction of its judgment, it was an attempt to take away from the defendant some of the rights which it already had, and was therefore a prejudice to its rights.

The referee in bankruptcy, or J. W. Martin, husband of the plaintiff, did not agree to deed this property to the defendant in full satisfaction of its judgment, but merely left the defendant to perfect by legal proceedings the right which it already had against the property. This agreement did not purport to give the defendant more than it already had or to make more certain the satisfaction which it could obtain under the state laws or shorten the length of time within which it might obtain such satisfaction.

The judgment of the trial court is reversed, and the cause remanded.

RILEY. C. J., CULLISON. V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur.