HAFFNER et al. v. COMMERCE TRUST CO.

No. 29668. Dec. 17, 1940.

Rehearing Denied March 25, 1941.

*111 P. 2d 479.*

I. H. Lookabaugh, of Watonga, and W. H. Boatman, of Taloga, for plaintiffs in error.

Cohoon & Heiple, of Oklahoma City, for defendant in error.

NEFF, J. On January 17, 1934, in a prior action, Commerce Trust Company obtained a note and mortgage foreclosure judgment against John F. Haffner and Anna Haffner. Thereafter the Haffners filed a motion to vacate that judgment and a motion for new trial. Those motions were overruled and the Haffners appealed to this court, where the appeal was dismissed. Haffner et al. v. Commerce Trust Co., 177 Okla. 313, 58 P. 2d 863.

Thereafter a sheriff's sale was had, Commerce Trust Company bid in the property and the sale was confirmed. Then the Haffners filed another motion to vacate the judgment, asking also that the company be restrained from obtaining a writ of assistance. That motion was likewise overruled, a writ of assistance was issued, and the Haffners again appealed to this court, which dismissed the appeal on the ground that it was a second appeal of the same matter and was "without merit and taken for delay only." Haffner et al. v. Commerce Trust Co., 179 Okla. 235, 65 P. 2d 440. Therein we stated "We find nothing in the second motion to vacate not contained in the first motion or which could not have been considered by the court at that time."

Thereafter still another appeal was taken to this court and decided against the Haffners, which it is not necessary to

describe. Haffner v. Commerce Trust Co., 184 Okla. 212, 86 P. 2d 331.

Then the Haffners, who are now plaintiffs, filed this action for recovery of the foreclosed property from Commerce Trust Company, now defendant, and again seeking to vacate the original proceedings. The defendant filed a motion to dismiss the petition, which the trial court sustained, and the plaintiffs appeal.

We observe nothing of substance in the present petition which has not already been adjudicated, from one to three times. By amendment to the petition the plaintiffs did attempt to set up a cause of action for recovery of damages for loss of their share of the crops when they were dispossessed by the writ of assistance, there having been a prior contract with the receiver in the original action. It is obvious that such issue was adjudicated, or should have been, in the prior proceedings. This issue could have been raised, not only in the proceedings concerning the writ of assistance, mentioned above, but also in the hearing on the receiver's final report. The receiver was discharged over four years ago.

It is difficult to find any excusable motive for the filing of the present petition or for the present appeal, which is the fourth. A final judgment of a court of competent jurisdiction is conclusive between the parties to the action, not only as to all matters actually litigated and determined in the action, but as to all matters germane to the issues which could or might have been litigated therein. First Nat. Bank of Duncan v. Martin, 162 Okla. 289, 20 P. 2d 889; American Bank & Trust Co. of Ardmore v. Frensley, 167 Okla. 533, 30 P. 2d 883.

The plaintiffs contend that the question of res judicata cannot be raised on a motion to dismiss, and say that the trial court erred in dismissing their petition in response to such a pleading. The motion to dismiss, as well as plaintiffs' petition, referred expressly to the prior proceedings. All of the proceedings were tried in the same trial court and before the same trial judge.

In Corliss v. Davidson & Case Lumber Co., 183 Okla. 618, 84 P. 2d 7, a pleading which was captioned a "Motion to Strike" was treated as a demurrer and held sufficient to authorize the trial court in dismissing a proceeding, where the same matter had been adjudicated prior thereto in the same court. It was therein held that it was within the power of the trial court to consider, on its own motion, the pleadings and matters adjudicated in other proceedings before the same court. In the instant case the same court had repeatedly considered the same matters and issues tendered by the present petition, which petition itself referred to those proceedings, and it is so clear that the court had not only the power but the duty to dismiss the petition that we deem further discussion unnecessary.

No other contention is advanced which requires discussion.

The judgment is affirmed.

BAYLESS, C. J., and OSBORN, CORN, and DAVISON, JJ., concur.