HUDDLESTON v. ESTATE LAND CO.
et al.

No. 32276. Oct. 8, 1946.

*173 P. 2d 423.*

H. F. Fulling, of Tulsa, for plaintiff in error.

C. J. Davenport, of Sapulpa, and John R. Ramsey, B. W. Griffith, and W. G. Moffitte, all of Tulsa, for defendants in error.

PER CURIAM. This is the second time the subject matter of the action involved in the case at bar has been presented to the Supreme Court. Lonza Huddleston commenced an action to recover certain real property and for an accounting for oil and gas produced from the real property against the Texas Company et al., in cause No. 50120 in the district court of Tulsa county. A default judgment was entered for the defendants and a motion was filed by the plaintiff therein to vacate the default judgment. The court denied the motion to vacate the judgment and Lonza Huddleston appealed to the Supreme Court and the matter was determined in favor of defendants. Huddleston v. Texas Co., 178 Okla. 581, 63 P. 2d 707. This action was thereafter filed by the present plaintiff, and the trial court sustained a motion for judgment upon the pleadings.

Plaintiff has appealed and her sole argument is that the trial court has erred in holding that all the issues involved in the case at bar were determined in Huddleston v. Texas Company, supra.

As we construe the order and judgment of the court, this is chiefly its holding. By reference to the pleadings, attached as exhibits to the answer of the defendants in cause No. 50120, it may readily be preceived that all the issues presented in the pleadings filed by the plaintiff in the case at bar were settled and determined by the judgment in cause No. 50120. As we understand the brief of plaintiff, it is not seriously contended that this is not true. Plaintiff objects solely to the method used by the trial court in arriving at this conclusion. In Huddleston v. Texas Co., supra, the defendants had specifically pleaded and relied upon certain conveyances set out in the answers of the Estate Land Company and the Texas Company in said case, and the effect of the decision of the trial court in the instant case is that no issues were raised that were not determined in Huddleston v. Texas Co., supra. Plaintiff does not assert, neither does she claim, that any new issues are involved. It is her contention that the trial court erred in not setting the case down and have a trial upon the issues presented by the pleadings, and claims that it was the duty of the defendants to introduce the pleadings and exhibits referred to in the case at bar and used in the trial of cause No. 50120. She does not contend that if this procedure has been followed there would have been any error in the action of the trial court in rendering judgment for the defendants.

In Hill v. Cole, 192 Okla. 476, 137 P. 2d 579, we held that where the pleadings disclose no issue of fact as relates to a plea of res judicata, only law questions are thereby presented, and the trial court does not err in sustaining an objection to the introduction of evidence and dismissing plaintiff's cause where the action is shown by the pleadings to be barred by former judgment. To the same effect see First National Bank of Duncan v. Martin, 162 Okla. 289, 20 P. 2d 889, and American Bank & Trust Co. of Ardmore v. Frensley, 167 Okla. 533, 30 P. 2d 883.

In Wilson-Harris, Adm'x, v. Southwest Telephone Co., 193 Okla. 194, 141 P. 2d 986, we stated that in passing upon a motion for judgment upon the pleadings a trial court may take judicial notice of proceedings formerly pending before it, and allegations of the pleadings contrary to the facts so judicially noticed should be disregarded.

We have reviewed the record and are firmly convinced that the trial court was correct in holding that all of the issues presented by the pleading in the case of bar were finally determined against the present plaintiff in Huddleston v. Texas Co., supra.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, and DAVISON, JJ., concur.