STATE of Utah, Plaintiff and Appellee,

v.

Ronald Watson LAFFERTY,
Defendant and Appellant.

No. 20740.

Supreme Court of Utah.

May 30, 1989.

Richard B. Johnson, Orem, Gary H. Weight, Michael D. Esplin, Provo, for defendant and appellant.

R. Paul Van Dam, Sandra L. Sjogren, Salt Lake City, for plaintiff and appellee.

MEMORANDUM OF DECISION

ZIMMERMAN, Justice:

Defendant Ronald Watson Lafferty petitioned this Court to reconsider its opinion affirming his convictions and sentences for two first degree murders, two burglaries, and two conspiracies to commit murder. *See State v. Lafferty*, 749 P.2d 1239 (Utah 1988). We granted his petition, filed at the suggestion of Judge Greene of the United States District Court for the District of Utah, in order to review several transcripts that he claims were not originally made part of the record on appeal and upon which he is basing a pending federal court collateral attack on his conviction.

We have considered the briefs of all parties, have heard oral argument, and have reviewed all of the transcripts not filed with this Court prior to the original submission of briefs in this case. We conclude that those transcripts add nothing of substance to what was contained in the record previously before this Court and that there is no merit to Lafferty's claim that these additional transcripts warrant any change in our prior disposition of his claims. Our original opinion stands as written.

HALL, C.J., HOWE, Associate C.J., and STEWART, J., concur.

DURHAM, Justice (dissenting):

Having reviewed the transcript of defendant's testimony taken April 2, 1985, not previously a part of the record before this Court, I am persuaded that the petition for rehearing should be granted for a review of the question of defendant's competence to stand trial. I am also convinced that our original opinion may have been in error on the issue of defendant's knowing and voluntary waiver of the right to assert a defense based on insanity or diminished capacity, and would also grant rehearing on that question.

Defendant's behavior and responses to questions in court on April 2, after his suicide attempt, contrast dramatically with

his self-presentation during the period before the damage. The contrast is so marked that my view of the import of the expert testimony about his competence is changed significantly. Likewise, I believe it to be highly possible that defendant's capacity to understand the complexity of the insanity/diminished capacity defense problem was seriously compromised at the time of the hearings on April 9, 1985 (by telephone), and April 24, 1985. I would therefore grant rehearing to review both the competence and waiver questions.