**STATE of Utah, Plaintiff and Respondent,**

v.

**Arvin V. MOORE, Defendant and Appellant.**

No. 880576–CA.

Court of Appeals of Utah.

Jan. 22, 1990.

Rehearing Denied Feb. 27, 1990.

16. *See Rolfe v. Village of Falconer,* 62 N.Y.2d 884, 478 N.Y.S.2d 852, 467 N.E.2d 516 (1984).

Kenneth R. Brown, Salt Lake City, for defendant and appellant.

R. Paul Van Dam and Charlene Barlow, Salt Lake City, for plaintiff and respondent.

Before DAVIDSON, GARFF and JACKSON, JJ.

## OPINION

DAVIDSON, Judge:

Defendant appeals from his convictions of four criminal charges: sexual exploitation of a minor in violation of Utah Code Ann. § 76–5a–3 (Supp.1989); dealing in harmful material to a minor in violation of Utah Code Ann. § 76–10–1206 (1978); and two counts of distributing pornographic material in violation of Utah Code Ann. § 76–10–1204 (1978). We affirm.

## FACTS

Defendant was convicted of producing and distributing homemade pornographic videotapes. In the process of accomplish-ing this, he furnished commercial pornographic videos to a person under eighteen years of age and encouraged her to participate in the making of pornographic videos.

Through an informant, the Summit County Sheriff's Department learned of defendant's activities, tape-recorded a conversation between defendant and the informant, and used this information to obtain a search warrant. Upon execution of the search warrant, evidence was found resulting in the execution of two additional search warrants. Various items of evidence were seized including commercial pornographic videotapes, two homemade videotapes made in January 1987, and an additional homemade videotape made in January 1988.

## INTRODUCTION OF PORNOGRAPHIC VIDEOTAPES

Defendant first argues that playing two of the homemade pornographic videotapes in front of the jury was unfairly prejudicial and inflammatory. Defendant argues that the trial judge failed to apply the proper Utah Rule of Evidence 403 analysis before allowing the videotapes into evidence.[1]

Defendant concedes that the videotapes are relevant to the charges filed in the information. He contends, however, that the trial court erred by failing to recognize the pornographic videotapes as a category of evidence with an "unusual propensity to unfairly prejudice, inflame, or mislead the jury." *See State v. Dibello*, 780 P.2d 1221, 1229 (Utah 1989). "Unusual propensity" evidence is particularly prejudicial and likely to distort the jury's deliberative process. For this reason, when evidence of this type is offered, the presumption favors nonadmissibility. Because the evidence's potential for unfair prejudice outweighs its probative value the burden is on the proponent to demonstrate the evidence's compelling value. *Id.* *See also* Utah R.Evid. 403.

1. Defendant properly preserved this issue on appeal despite contrary arguments raised in the State's brief. Defendant appropriately filed a pretrial motion to suppress, *see State v. Johnson*, 748 P.2d 1069, 1071 (Utah 1987), and further objected to the evidence at the beginning of trial even though the second objection was unnecessary. *State v. Wareham*, 772 P.2d 960, 962–63 (Utah 1989).

The Utah Supreme Court has recognized three categories of evidence with an "unusual propensity to unfairly prejudice, inflame, or mislead the jury:" (1) gruesome photos of a homicide scene, *State v. Bishop*, 753 P.2d 439, 493 (Utah 1988) (Zimmerman, J., concurring in the result); *State v. Lafferty*, 749 P.2d 1239, 1256–57 *aff'd*, 776 P.2d 631 (Utah 1988); *State v. Cloud*, 722 P.2d 750, 752–53 (Utah 1986); *State v. Garcia*, 663 P.2d 60, 63–64 (Utah 1983); (2) a rape victim's past sexual activities with someone other than the accused, *State v. Johns*, 615 P.2d 1260, 1264 (Utah 1980); and (3) statistical matters not susceptible to quantitative analysis such as witness veracity, *State v. Rammel*, 721 P.2d 498, 501 (Utah 1986).

Since pornographic material has not been recognized as a category of evidence with an unusual propensity to prejudice, inflame, or mislead the jury, we apply the ordinary Utah R.Evid. 403 analysis. This analysis favors admissibility and the appraisal of probative versus prejudicial value of evidence is entrusted to the discretion of the trial judge. *Dibello*, 780 P.2d at 1229; *State v. Maurer*, 770 P.2d 981, 983 (Utah 1989). That discretion will not be upset on appeal absent manifest error. *Maurer*, 770 P.2d at 983.

We conclude that it was not error for the trial court to allow the pornographic tapes into evidence. The test under Utah R.Evid. 403 is simply whether "probative value is *substantially outweighed* by the danger of unfair prejudice...." (emphasis added). The trial judge appropriately held a pretrial evidentiary suppression hearing, viewed the videotapes prior to trial, and concluded that they were relevant to the case and not unfairly prejudicial to defendant.

The trial judge made this finding despite defendant's voluntary stipulation which conceded that the videotapes: (1) were pornographic; (2) contained material of a live performance depicting a nude or partially nude female; (3) were for the purpose of sexual arousal; and (4) contained material which would be harmful to a minor. Defendant also conceded that the commercial videotape "Wet Science" was pornographic. He therefore contends that playing the videotapes was unnecessary and prejudicial because the only issues to be decided by the jury were whether defendant knew or had reason to know that one of the actors was under eighteen years of age and whether defendant's actions met the statutory test for distribution of pornographic material.[2]

"In reaching a decision whether to exclude on grounds of unfair prejudice ... [t]he availability of other means of proof may also be an appropriate factor." *Bishop*, 753 P.2d at 475 (quoting Advisory Committee Note to Fed.R.Evid. 403). An offer to stipulate regarding the content of offered evidence is only one factor to consider when applying the rule 403 balancing test. *Id.* at 475–76. Here, the trial judge considered the impact of defendant's proffered stipulation and weighed the danger of unfair prejudice against the probative value of the evidence. Although the videotapes show graphic pornography, and are in some sense prejudicial, we cannot conclude the trial judge's admission of that evidence was error.

## EXCLUSION OF THE INFORMANT'S AUDIOTAPE

Defendant next argues that the trial court improperly allowed admission of the informant's audiotape without editing the prejudicial portions. He contends that Utah R.Evid. 404(b) prohibits wholesale use of the tape because it merely showed defendant's general criminal disposition and a proper application of Utah R.Evid. 403 would have compelled the trial court to exclude the prejudicial portions of the tape. We cannot agree. Utah R.Evid. 404(b) provides as follows:

**2.** After the stipulation, defendant argued that the only issue in dispute as to counts I (sexual exploitation of a minor) and III (dealing in harmful material to a minor) was whether defendant knew the female actress was under the age of eighteen. He also argues that the stipulation addressed every element of counts II and IV except whether defendant "distributed" the videotapes.

Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Utah R.Evid. 404(b).

"[E]vidence of other crimes is generally inadmissible unless it tends to have a special relevance to a controverted issue and is introduced for a purpose other than to show the defendant's predisposition to criminality." *State v. Shickles,* 760 P.2d 291, 295 (Utah 1988). Even if evidence of other acts falls within one of the rule 404(b) exceptions, it is still subject to exclusion under rule 403 if the trial court determines that the probative value is substantially outweighed by the danger of unfair prejudice. *State v. Gotschall,* 782 P.2d 459, 462 (Utah 1989); *Shickles,* 760 P.2d at 295; *State v. Jamison,* 767 P.2d 134, 137 (Utah Ct.App.1989). The court may consider the following factors when applying the rule 403 balancing test:

> [T]he strength of the evidence as to the commission of the other crime, the similarities between the crimes, the interval of time that has elapsed between the crimes, the need for the evidence, the efficacy of alternative proof, and the degree to which the evidence probably will rouse the jury to overmastering hostility.

*Shickles,* 760 P.2d at 295–96 (quoting E. Cleary, *McCormick on Evidence* § 190 at 565 (3d ed. 1984)).

The informant's audiotape contained strong supporting evidence of the crimes charged, and revealed several relevant admissions by defendant.[3] The trial judge held a pretrial evidentiary hearing to consider suppressing the tape. After reviewing the evidence and hearing argument

from counsel, he ruled that defendant's statements on the tape constituted admissions of guilt, were relevant to demonstrate "defendant's intent and method of operation in making and distributing pornographic films," and that the probative value of the tape outweighed any "undue prejudicial effect it may have on the trier of fact." The trial judge applied the proper test in determining admissibility of evidence under rules 404(b) and 403. *See Shickles,* 760 P.2d at 295–96. We find no abuse of discretion in his decision to admit the tape.

## VALIDITY OF SEARCH WARRANTS

Defendant next contends that the seizure of the first two videotapes went beyond the scope of the initial search warrant, that the deputy sheriff's affidavit supporting the warrant to search defendant's home was materially false, and the second warrant to search defendant's store was not supported by probable cause.

Defendant argues that the evidence seized pursuant to the first search warrant, which allowed Summit County officers to search defendant's store and seize "2 video cassette [sic] tapes showing a male masturbating," should be suppressed because neither tape showed that. Defendant's claim is without merit. The trial judge held a pretrial suppression hearing, viewed the tapes, and determined that the content of the tapes supported the allegations contained in the affidavit.

Defendant next argues that the second warrant, issued to search his residence, was unsupported by probable cause and based in part on a deputy sheriff's materially false statement. *See Franks v. Delaware,* 438 U.S. 154, 156, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978); *State v. Nielsen,* 727 P.2d 188, 191 (Utah 1986), *cert. denied* 480 U.S. 930, 107 S.Ct. 1565, 94

---

**3.** In the tape, defendant talks to the informant about making a pornographic film, suggests that the informant view pornographic material before performing sexual acts alone or with other people, offers to pay the informant $50 per ejaculation when performing with other people and $25 when performing alone, mentions the possibility of sending tapes to Europe and New York, asks whether the informant knows persons younger than nineteen who might be interested in making pornographic films, and states that a couple "took the camera last night, cause they've got some friends and they're going to get together and really do up a good tape."

L.Ed.2d 758 (1987) (fruits of search will be suppressed if (1) affidavit in support of search warrant contains a false statement made intentionally, knowingly, or with reckless disregard for the truth; and (2) the affidavit is insufficient to support a finding of probable cause after the misstatement is set aside). The deputy sheriff's affidavit in support of the second warrant was made after police first seized incriminating evidence, and the subsequent search warrant was issued on the basis of this incriminating evidence. Even though the affidavit was technically incomplete because much of the conversation occurred at the store, the omission was not made falsely. Furthermore, defendant admitted in his conversation with the informant that several homemade tapes and other pornography were located at his house. Even if the affidavit and subsequent search warrant had not been supported by probable cause, the trial judge found that Mrs. Moore voluntarily consented to the search of the residence.

■ Finally, the deputy sheriff's affidavit in support of the second store warrant described with particularity the videotapes seized in the first search. There is no requirement, as argued by defendant, that the alleged pornographic material always be attached to the affidavit in support of the search warrant. Rather, Utah Code Ann. § 76–10–1212 (1978) requires that the alleged pornographic material be attached to the search warrant "where practical." The material need not be attached if "[t]he affidavit ... allow[s] the magistrate an opportunity to 'focus searchingly on the question of obscenity.'" *State v. Piepenburg*, 602 P.2d 702, 705–06 (Utah 1979) (quoting *State v. Conaughty*, 561 P.2d 554, 555 (Okla.Crim.App.1977)). The deputy sheriff's factual description, which was based on viewing the videotapes and describing in detail his observations, was sufficient to support the magistrate's finding of probable cause.

## MARITAL OR COMMON LAW RELATIONSHIP

■ Finally, defendant claims that the common law relationship and later mar-

riage of the actors on the tapes emancipated the minor female and requires dismissal of the charges relating to her status as a minor. Utah Code Ann. § 76–5a–2 (Supp.1989) defines a minor as "a person younger than 18 years of age." In cases involving sexual exploitation of a minor and dealing in harmful material to a minor, the legislature expressly prohibited sexual exploitation of all persons under eighteen regardless of marital status. The Utah Supreme Court rejected a similar argument offered by a defendant convicted of carnal knowledge of a married, seventeen-year-old female:

> [S]uch a married woman still is immature and still needs the protection of this kind of law. Had the legislature intended to exclude her from the protection of this statute it could have very easily so provided. Since it did not, we do not feel justified in reading such provision into the statute.... We conclude that illicit sexual intercourse with a female between the ages of 13 and 18 years constitutes the crime of carnal knowledge even though the female is a married woman.

*State v. Huntsman*, 115 Utah 283, 289, 204 P.2d 448, 451 (1949).

The convictions of defendant are affirmed.

GARFF and JACKSON, JJ., concur.