**STATE of Utah, Plaintiff and Appellee,**

v.

**Arlo IORG, Defendant and Appellant.**

**No. 900017–CA.**

Court of Appeals of Utah.

Nov. 14, 1990.

Bradley P. Rich, Yengich, Rich, Xaix & Metos, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, Atty. Gen., Barbara Bearnson, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Before BILLINGS, JACKSON and ORME, JJ.

BILLINGS, Judge:

Defendant Arlo Iorg appeals from a jury verdict finding him guilty of two counts of sexual abuse of a child, a second degree felony, in violation of Utah Code Ann. § 76-5-404.1 (1986). Defendant claims he was denied effective assistance of counsel when his attorney failed to challenge a juror for cause, and the trial court erred in admitting testimony on the credibility of the victim. We reverse and remand for a new trial on the second claim of error and thus do not address defendant's ineffective assistance of counsel claim on appeal.

At trial, V.H. testified that in June 1986, when she was eleven, she spent the night "sleeping out" with her cousins, defendant's sons. V.H. claimed defendant, during the night, on three separate occasions, entered the tent where she and her cousins were sleeping and touched her breasts. Defendant testified at trial that he had gone to the tent only once during the night to check on the children at his wife's request. He admitted taking V.H.'s necklace from her neck and hanging it on the tent, out of concern for her safety and comfort. Defendant's wife corroborated the fact that defendant had gone to the tent only once and at her request.

V.H. reported the incident some two and a half years later, in February 1989, and the case was tried on June 19, 1989. In addition to V.H.'s testimony, the state relied upon the testimony of Deputy Loretta Purdy who had interviewed V.H. about the incident. Deputy Purdy is the secretary to the sheriff. After ·noting V.H.'s delayed reporting, the prosecutor asked Deputy Purdy the percentage of abuse victims she had interviewed that had reported the abuse more than a year after the abuse occurred. Deputy Purdy responded that at least fifty percent of the thirty victims she had interviewed delayed reporting for over a year. The prosecutor then asked Deputy Purdy her opinion as to whether delayed reporting was an indication that the charge is fabricated. Deputy Purdy stated that it was not. At this time, defense counsel objected to Deputy Purdy's testimony on grounds of lack of sufficient foundation to establish Deputy Purdy as an "expert in the field of psychological reasoning of an abused person." The trial judge sustained the objection. Nevertheless, Deputy Purdy subsequently testified without renewed objection that based on her experience as a deputy, it was not unusual for V.H. to wait from age eleven to fourteen to report the incident. Deputy Purdy also testified that based upon her experience, the fact that V.H. delayed reporting was not an indication she was not telling the truth.

The jury found the defendant guilty of two counts of sexual abuse of a child.

## COMMENTS ON THE CREDIBILITY OF THE VICTIM WITNESS

■ Defendant claims the trial court erred by allowing Deputy Purdy to testify about her prior experience with delayed reporting in sexual abuse cases and the relevance of delayed reporting on whether other victims were truthfully reporting the alleged incidents of abuse. The defendant claims Deputy Purdy improperly testified that despite V.H.'s delayed reporting she was telling the truth. This court will not disturb the trial court's admission or rejection of evidence unless the court has clearly abused its discretion. *See State v. Griffiths*, 752 P.2d 879, 883 (Utah 1988); *State v. Braun*, 787 P.2d 1336, 1337 (Utah Ct. App.1990).

The prosecutor asked Deputy Purdy the following questions, which are the basis for defendant's claim of error:

Q. (the prosecutor) Would you tell us whether or not or what percentage of those abuse victims reported the incidents say more than a year after the fact?

A. (Deputy Purdy) I would say at least fifty percent[,] it's not a recent occurrence. It's been over a year before they report.

Q. Is this the case with child or young teenage victims of sex abuse, as well as others?

A. Yes, sir.

Q. From your experience could you tell us whether or not incidents reported later, such as this case over two years later, in itself is any indication of that being fabricated or being untrue?

A. No, sir.

At this point defense counsel objected on the ground of lack of "sufficient foundation to establish Mrs. Purdy as an expert in the field of psychological reasoning of an abused person." The court sustained the objection, yet the following exchange occurred without further objection by counsel or any statement by the court to the effect that the questioning was improper in accordance with its prior ruling.[1]

Q. Okay. Mrs. Purdy, you have been involved in the determination of whether or not to file charges in those fifty some odd cases that you have dealt with?

A. Yes, sir.

Q. You have stated that at least fifty percent of the times these incidents have been reported significantly after the fact?

A. Yes, sir.

Q. And would you say there was a disproportionate number of those that you did not file charges on that were reported earlier or later?

A. No. I feel like we have probably filed charges on more than not.

Q. Okay. The fact that [V.H.] was age 14 and reported three incidents that occurred to her when she was age eleven, is this unusual from your experience as a deputy?

A. No. It is not.

Q. And in your experience is that fact alone any indication of untruthfulness?

A. Not in my experience, no.

Initially defendant argues that the admission of Deputy Purdy's testimony was reversible error because she vouched for the credibility of V.H. in violation of Utah Rule of Evidence 608(a). Rule 608(a) prohibits testimony as to the truthfulness of a witness on a particular occasion. *State v. Rimmasch*, 775 P.2d 388, 392 (Utah 1989).

Alternatively, the defendant argues Deputy Purdy's testimony is the type of "expert" opinion testimony the Utah Supreme Court rejected in *Rimmasch*. In *Rimmasch*, the Utah Supreme Court found error in the trial court's acceptance of:

■ testimony that there is a psychological and behavioral profile of the typical child sexual abuse victim, and the victim conformed to the profile and therefore had been abused; and [2] testimony that, based on the experts subjective "credibility appraisal" of the child during an interview the child had truthfully described the abuse and therefore had been abused.

*State v. Braun*, 787 P.2d 1336, 1338 (Utah Ct.App.1990).

However, we believe the testimony of Deputy Purdy as to the significance of late reporting and its bearing on the truthfulness of V.H.'s allegations of abuse is better analyzed under a recent case from the Utah Supreme Court, although not a child sexual abuse case.[2] In *State v. Rammel*, 721 P.2d 498 (Utah 1986), the defendant on appeal challenged admission of the testimony of a detective that "he did not consider it unusual for [a witness, who had been granted immunity] to lie to him when [the witness] was first interrogated." *Id.* at 500. The detective had testified that based on his experience with hundreds of criminal defendants that they normally did not immediately confess. The detective was then allowed to give an opinion that "it would not have been 'unusual' for [the witness] to lie during the first police interrogation." *Id.* The Utah Supreme Court held the trial court abused its discretion in admitting the

---

**1.** We conclude that defendant's counsel adequately called the evidentiary problem to the attention of the trial court in order to preserve the issue for appeal. However, we are puzzled why counsel did not move to strike the damaging and improper testimony which came into evidence after the trial court had sustained an objection to this line of inquiry.

**2.** The court allowed the state and defendant to file supplementary memoranda considering *State v. Rammel*, 721 P.2d 498 (Utah 1986), since neither had treated the case in briefing. The defendant in response now additionally argues defendant's conviction should be reversed as it was based upon improper anecdotal testimony reflecting on the victim's credibility.

testimony as it lacked foundation. The court stated: "[t]here was no showing that the anecdotal data from which the detective drew his conclusions had any statistical validity. Nor was there any evidence that [the detective's] experience uniquely qualified him as an expert." *Id.* at 501.[3]

Finally the supreme court found that, if for no other reason, the detective's testimony should have been excluded because its "potential for prejudice substantially outweighed its probative value." Utah R.Evid. 403. In this regard the court states: "probabilities cannot conclusively establish facts not susceptible to quantitative analysis such as whether a particular individual is telling the truth at any given time." *Rammel,* 721 P.2d at 501.

█ The Utah Supreme Court has continued to condemn anecdotal "statistical" evidence concerning matters not susceptible to quantitative analysis such as witness veracity, as one of the categories of evidence leading to undue prejudice. *See, e.g., State v. Dibello,* 780 P.2d 1221, 1229 (Utah 1989); *State v. Lafferty,* 749 P.2d 1239, 1256 (Utah 1988) *on reh'g,* 776 P.2d 631 (1989); *State v. Moore,* 788 P.2d 525, 527 (Utah Ct.App.1990). Thus, when this type of evidence is offered the burden shifts, and the proponent must show that the evidence's probativeness outweighs its prejudice. *Dibello,* 780 P.2d at 1229.

█ Deputy Purdy's testimony had the same potential for prejudice as the testimony condemned in *Rammel* and other Utah Supreme Court cases. Deputy Purdy's testimony was based on her experience with a number of prior sexual abuse cases. As in *Rammel,* Deputy Purdy used her "anec-dotal statistical experience" with late reporting in sexual abuse cases to conclude that late reporting does not mean a victim is not telling the truth. Whether Deputy Purdy's testimony on the frequency of late reporting of child sexual abuse is admitted as expert testimony under Rule 702, or as lay testimony under Rule 701, there is still the same potential for prejudice.

There is nothing in the record to persuade us that Deputy Purdy's testimony was more probative than prejudicial. We therefore conclude the trial court erred in admitting Deputy Purdy's anecdotal testimony on the frequency of delayed reporting and its relevance to whether V.H. truthfully reported the alleged incidents of abuse in this case.

### PREJUDICE

█ In *Rammel,* the supreme court found the erroneously admitted testimony to be harmless error in "view of other evidence supporting the defendant's conviction." 721 P.2d at 501. We must now decide whether the error was likewise harmless in this case. If there is a reasonable likelihood that, absent the error, there would have been a more favorable result for the defendant, then his conviction must be reversed. *State v. Verde,* 770 P.2d 116, 122 (Utah 1989); *State v. Bell,* 770 P.2d 100, 106 (Utah 1988).

This case hinged on credibility. *See, e.g., Rimmasch,* 775 P.2d at 407. No physical evidence corroborated V.H.'s allegations and the only witness other than V.H. who testified for the prosecution was Deputy Purdy. Her companions who slept in the tent with her did not testify. Defendant's

---

**3.** The state argues that *Rammel* is not relevant authority as the case was decided under former Utah Evidence Rule 20 which is considerably different than Rule 608's strictures on the use of evidence to impeach credibility. Rule 20 stated in relevant part: "[F]or the purpose of impairing or supporting credibility of a witness, any party including the party calling him may examine him and introduce extrinsic evidence concerning any statement or conduct by him and any other matter relevant upon the issues of credibility." Rule 608(a) states:

The credibility of a witness may be attacked or supported by evidence in the form of opin-ion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise. If anything, the use of opinion evidence on witness credibility is narrower under the new rule and thus we conclude the reasoning of *Rammel* is still persuasive. It is noteworthy for Rule 608(a) purposes that defendant had not challenged V.H.'s veracity on the ground she had delayed reporting the incident.

942

version of the facts was not entirely inconsistent with V.H.'s. He admitted he had gone to the tent at his wife's request to check on the children. His wife fully corroborated defendant's testimony at trial. Defendant even admitted he touched V.H., but claimed he merely did so in the process of removing a necklace from V.H.'s neck and hanging it on the tent.

V.H.'s version of the events occurring the night of the alleged abuse was aided only by the challenged testimony of Deputy Purdy, which was clearly calculated to bolster V.H.'s believability by assuring the jury no credibility problem was presented by the delay in V.H.'s reporting the incident. Since this case depended on the jury's assessment of the victim's credibility versus the defendant's, and there is not "other evidence [to support] the defendant's conviction," *Rammel*, 721 P.2d at 501, beyond that which is tainted by Deputy Purdy's improper testimony, we cannot say that absent the error there is not a reasonable likelihood of a more favorable result to the defendant. *See, e.g., State v. Nelson*, 777 P.2d 479, 481 (Utah 1989); *Rimmasch*, 775 P.2d at 407–408.

We therefore reverse and remand for a new trial.

ORME and JACKSON, JJ., concur.