**2013 UT App 90**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,

*Plaintiff and Appellee,*

*v.*

ZACHARY L. STEVENS,

*Defendant and Appellant.*

Per Curiam Decision
No. 20120373-CA
Filed April 11, 2013

Fourth District, Provo Department
The Honorable Darold J. McDade
No. 101400842

Michael D. Esplin, Attorney for Appellant
John E. Swallow and Marian Decker, Attorneys for Appellee

Before JUDGES ORME, DAVIS, and MCHUGH.

PER CURIAM:

¶1     Zachary L. Stevens entered conditional guilty pleas to four counts of voyeurism. Stevens appeals the trial court's denial of his motion to suppress. We affirm.

¶2     We review a trial court's factual findings underlying a decision to grant or deny a motion to suppress evidence for clear error. *See State v. Duran*, 2005 UT App 409, ¶ 10, 131 P.3d 246. However, "we review 'the trial court's conclusions of law based on such facts under a correctness standard, according no deference to the trial court's legal conclusions.'" *Id.* (quoting *State v. Anderson*, 910 P.2d 1229, 1232 (Utah 1996)).

¶3     Stevens initially argues that the affidavit for a search warrant was deficient because it failed to comply with Utah Code section 76-10-1212 by not attaching the material that was believed to be pornographic to the affidavit for review by the magistrate. *See* Utah Code Ann. § 76-10-1212(1) (LexisNexis 2012) (stating that "[w]here practical, the material alleged to be pornographic or harmful to minors shall be attached to the affidavit for search warrant to afford the magistrate the opportunity to examine the material").[1] However, this court has specifically rejected this argument. *See State v. Moore*, 788 P.2d 525, 529 (Utah Ct. App. 1990). In *State v. Moore*, we analyzed the operative language of Utah Code section 76-10-1212(1) and concluded that "[t]here is no requirement . . . that the alleged pornographic material always be attached to the affidavit in support of the search warrant. . . . The material need not be attached if the affidavit allows the magistrate an opportunity to focus searchingly on the question of obscenity." *Id.* (citation and internal quotation marks omitted). Thus, the only question is whether the affidavit's description of the material is sufficiently detailed to support a finding of probable cause. *See id.*

¶4     Here, the information contained in the affidavit was sufficient to support the magistrate's finding of probable cause. The affidavit described photographs sent from Stevens to an undercover officer containing images of "male children exposing their genitals and/or posing in sexual positions." Another portion of the affidavit stated that the materials included "digital photographs and videos of fully nude or partially nude prepubescent male children often engaged in sexual positions or acts (actual or simulated)." These descriptions were sufficient to allow the magistrate to make his determination concerning whether probable cause existed.

---

1. We cite to the current version of the statute. However, the same operative language was in effect at the time of the search at issue in this case.

¶5     Stevens next asserts that the search warrant was not properly executed within ten days of the date the warrant was issued because officers did not search or examine the contents of the computers and digital media seized from Stevens's bedroom within the ten-day period, even though the items were seized on the day the warrant was issued. Stevens provides no authority to support this proposition, nor does he adequately develop this issue. Accordingly, this argument is inadequately briefed and we decline to address it. *See State v. Bair*, 2012 UT App 106, ¶ 43, 275 P.3d 1050 ("While failure to cite to pertinent authority may not always render an issue inadequately briefed, it does so when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court.").

¶6     Affirmed.

———————